IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA MONTURANO,<br>Derivatively on Behalf of Nominal<br>Defendant GROUPON, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ERIC LEFKOFSKY, PETER BARRIS,<br>KEVIN EFRUSY, MELLODY HOBSON,<br>BRAD KEYWELL, TED LEONSIS,<br>ANDREW MASON, and HOWARD<br>SCHULTZ<br><br>Defendants,<br><br>and<br><br>GROUPON, INC.,<br><br>Nominal Defendant. | No.    12-cv-02507<br><br>Judge Joan H. Lefkow |

**MOTION FOR ENTRY OF PRETRIAL ORDER NO. 1
CONSOLIDATING DERIVATIVE ACTIONS AND
APPOINTMENT OF LEAD PLAINTIFF AND CO-LEAD
DERIVATIVE COUNSEL**

Plaintiff Theresa Monturano respectfully moves this Court for entry of the Pretrial Order

No. 1 consolidating derivative actions filed on behalf of Groupon, Inc. and appointing Lead

Plaintiff and Co-Lead Derivative Counsel, and in support of her motion, avers as follows:

1.    Plaintiff Monturano filed her derivative complaint on April 5, 2012, which was

assigned to this Court.

2.       On April 12, 2012, Plaintiff Kent Wong filed his derivative complaint, which was assigned to Judge Matthew F. Kennelly. On April 19, 2012, Defendants moved for reassignment of the *Wong* action to this Court pursuant to Local Rule 40.4. (Doc. No. 20) The *Wong* action is based on the same factual predicate and the same legal theories as the *Monturano* action.

3.       On April 30, 2012, Plaintiff Shawn Potter filed a derivative action, which was assigned to Judge Joan B. Gottshall. The *Potter* action is also based on the same factual allegations and legal theories as the *Monturano* action. Based upon Defendants' representations, Plaintiff expects that they will move for reassignment of the *Potter* action to this Court.

4.       All three Plaintiffs allege that each of the individual defendants breached their fiduciary duties to Groupon, Inc. ("Groupon") and its shareholders by, *inter alia*, failing to implement necessary controls over Groupon's accounting function that ultimately forced Groupon to restate its earning in March 2012. After defendants were forced to restate Groupon's publicly reported financials in order to lower its earnings, Groupon's stock lost significant value, the Securities and Exchange Commission initiated an investigation, and multiple securities class actions were filed.

5.       Once all of the subsequently filed similar actions are reassigned to this Court, consolidation of the derivative actions is appropriate because each of these actions assert the same claims, are based upon similar allegations, and are brought against the same defendants.

6.       In order to assure the adequate representation and efficient litigation of the derivative claims Plaintiff seeks the appointment of Harwood Feffer LLP ("Harwood Feffer") and Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Co-Lead Derivative Counsel. Harwood Feffer LLP and Wolf Haldenstein have extensive experience prosecuting

derivative actions as demonstrated by their firm resumes annexed hereto respectively as Exhibit A and Exhibit B. Additionally, Plaintiff seeks to appoint Miller Law LLC as Liaison Counsel.

7.      In accordance with the recommendations of the *Manual for Complex Litigation – Third* (2002), Plaintiff submits for the Court's consideration a proposed form of Pretrial Order No. 1, which provides for, *inter alia*, the consolidation of the derivative actions, the appointment of Lead Plaintiff, and the appointment of Co-Lead Derivative Counsel and Liaison Counsel. Entry of this proposed order will ensure that the interests of all derivative plaintiffs are adequately and efficiently represented in the prosecution of this action.

8.      Plaintiff submits with this motion the accompanying memorandum filed herewith.

Dated: May 2, 2012

Theresa Monturano,

By: s/Marvin A. Miller
MARVIN A. MILLER
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
(312) 332-3400

ROBERT I. HARWOOD
MATTHEW M. HOUSTON
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022
(212) 935-7400

Attorneys for Plaintiff

# EXHIBIT A



# HARWOOD FEFFER LLP

## FIRM DESCRIPTION

The law firm of Harwood Feffer LLP ("Harwood Feffer" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder class and derivative actions, ERISA litigation, and consumer protection. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving labor and employment, civil rights, anti-competitive conduct, and other commercial claims.

Harwood Feffer is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Harwood Feffer has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar. In this regard, we have developed new law in the areas of tender offers, fiduciary



Harwood Feffer LLP

Page 2

duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of substantial monetary and equitable benefits for investors, stockholders, corporations, and partnerships. By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions: 1) In re First Capital Holdings Corporation Financial Products Securities Litigation, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of settlement fund of $90 million plus implementation of structural relief); 3) In re Prudential Bache Energy Income Partnerships Securities Litigation, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) In re JWP Inc. Securities Litigation, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5) Morse v. McWhorter, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.); 6) In re BankOne Securities Litigation, (N.D. Ill.) (creation of a $45 million settlement fund); and 7) Sidney Morse, et al. v.



Harwood Feffer LLP

Page 3

Abbott Laboratories, et al., (N.D. Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

The Firm has also been appointed Co-Lead Counsel in a Multidistrict Litigation against FedEx Ground Package System, Inc. currently pending in the Northern District of Indiana, Docket No. MD- 1700, involving actions prosecuting claims on behalf of over 40 separate state and federal classes from over 35 states. This litigation concerns FedEx Ground's practice of misclassifying its driver employees as independent contractors.

Courts have often recognized the Firm's skill in class, derivative, and ERISA actions. For example, in In re Electro-Catheter Securities Litigation, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and knew their stuff and they are a credit to their profession. They are the top of the line.

In J. Michael v. SFBC International, Inc., Judge Stanley R. Chesler of the District of New Jersey stated:

> The Court . . . is delighted, quite frankly, to see the practicality of counsel on both sides in this matter and that, indeed, settlement in this case and at this early stage ends up with very substantial and



Harwood Feffer LLP

Page 4

practical benefits to all the parties in this case and ultimately to the corporation.

## THE ATTORNEYS OF THE FIRM

**Robert I. Harwood**, senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He has served as Acting Village Justice in Dobbs Ferry, New York since 1999. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute. In a statewide survey of his legal peers published by Super Lawyers Magazine, Mr. Harwood has been consistently selected as a "New York Metro Super Lawyer." Super Lawyers are the top five percent of attorneys in New York, as chosen by their peers and through the independent research. He is also a Member of the Board of Directors of the MFY Legal Services Inc., which provides free legal representation in civil matters to the poor and the mentally ill in New York City. Since 1999, Mr. Harwood has served as a Village Justice for the Village of Dobbs Ferry, New York.

Commenting on Mr. Harwood's abilities, in In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.), Judge Bissell stated:



Harwood Feffer LLP

Page 5

> the Court knows the attorneys in the firms involved
> in this matter and they are highly experienced and
> highly skilled in matters of this kind. Moreover, in
> this case it showed. Those efforts were vigorous,
> imaginative and prompt in reaching the settlement
> of this matter with a minimal amount of discovery . .
> . . So both skill and efficiency were brought to the
> table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with In re Olsten Corporation Securities Litigation, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent." Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood prosecuted the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action Suit" p. 18, col. 1). Mr. Harwood served as co-lead counsel in In Re Interco Incorporated Shareholders Litigation, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an



Harwood Feffer LLP

Page 6

extensive record that establishes it was very hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood served as lead counsel in <u>Morse v. McWhorter</u>, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as <u>In re Bank One Securities Litigation</u>, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $44.5 million; <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.), which resulted in a settlement fund of $24 million; <u>In re AIG ERISA Litigation</u>, (S.D.N.Y.), which resulted in a settlement fund of $24.2 million; In <u>re JWP Inc. Securities Litigation</u>, (S.D.N.Y.), which resulted in a $37 million settlement fund; <u>In re Oxford Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and <u>In re UNUMProvident Corp. Securities Litigation</u>, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of <u>In re Home Shopping Network, Inc.</u>,



Harwood Feffer LLP

Page 7

_Derivative Litigation_, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and _Edge Partners, L.P. v. Docker, et al._, (D. Md.), which created a settlement benefit in excess of $11 million. In addition, Mr. Feffer was in charge of _Dornberger v. Metropolitan Life Insurance Company_ in the Southern District of New York, which created a settlement benefit of more than $20 million; the successful prosecution of the _Regeneron Pharmaceuticals, Inc. Securities Litigation_ in the Southern District of New York, which created a settlement fund in excess of $4 million; and _Croyden Assoc. v. Tesoro Petroleum Corp., et al._, (Del. Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of Tesoro Petroleum Corp.; and _In re Alliance Pharmaceutical Corp. Securities Litigation_, (S.D.N.Y.), which on the eve of trial created a settlement of $4.75 million.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York State and American Bar Associations.

**Daniella Quitt**, a member of the Firm, graduated from Fordham University School of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the United States Court of Appeals for the Second, Fifth and Ninth Circuits.



Harwood Feffer LLP

Page 8

Ms. Quitt has played a significant role in numerous actions in which Harwood Feffer served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff shareholders, such as In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.) (settlement fund of $44.5 million); In re Laidlaw Stockholders Litigation, (D.S.C.) (settlement fund of $24 million); In re UNUMProvident Corp. Securities Litigation, (D. Me.) (settlement fund of $45 million); In re Harnischfeger Industries (E.D. Wisc.) (settlement fund of $10.1 million); In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.) (settlement benefit of $13.7 million and corporate therapeutics); In re JWP Inc. Securities Litigation, (S.D.N.Y.) (settlement fund of $37 million); In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.) (settlement benefit in excess of $20 million); In re Rexel Shareholder Litigation, (Sup. Ct. N.Y. County) (settlement benefit in excess of $38 million); and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million).

In connection with the settlement of Alessi v. Beracha, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Harwood Feffer in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her



Harwood Feffer LLP

Page 9

affiliation with Harwood Feffer, Ms. Quitt has focused her practice on shareholder rights and ERISA class actions but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Mr. Houston has substantial courtroom experience involving complex actions in federal and state courts throughout the country. Mr. Houston was co-lead trial counsel in one the few ERISA class action cases taken to trial asserting breach of fiduciary duty claims against plan fiduciaries; *Brieger et al. v. Tellabs, Inc.*, No. 06-CV-01882 (N.D. Ill.) and has successfully prosecuted many ERISA actions; *In re Royal Ahold N.V. Securities and ERISA Litigation*, Civil Action No. 1:03-md-01539. Mr. Houston has been one of the principal attorneys litigating claims in multi-district litigation concerning employment classification of pick up and delivery drivers and primarily responsible for prosecuting ERISA class claims; *In re FedEx Ground Package Inc. Employment Practices Litigation*, 3:05-MD-527 (MDL 1700). Mr. Houston also served as lead counsel in multi-district class litigation seeking to modify insurance claims handling



Harwood Feffer LLP

Page 10

practices; *In re UnumProvident Corp. ERISA Benefits Denial Actions*, 1:03-cv-1000 (MDL 1552).

In addition to numerous employment cases, Mr. Houston has litigated actions asserting breach of fiduciary duty in the context of mergers and acquisitions. Mr. Houston has been responsible for securing millions of dollars in additional compensation and structural benefits for shareholders of target companies; *In re Instinet Group, Inc. Shareholders Litigation*, C.A. No. 1289 (Delaware Court of Chancery) *Jasinover v. The Rouse Company*, Case No. 13-C-04-59594 (Maryland Circuit Court); *McLaughlin v. Household International, Inc.*, Case No. 02 CH 20683 (Illinois Circuit Court); *Sebesta v. The Quizno's Corporation*, Case No. 2001 CV 6281 (Colorado District Court); and *Crandon Capital Partners v. Sanford M. Kimmel*, C.A. No. 14998 (Delaware Court of Chancery).

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: Pace American Shareholder Litigation, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); In re Bay Financial Securities Litigation, Master File No. 89-2377-DPW, (J. Woodlock) (D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); Crandon Capital Partners v. Sanford M. Kimmel, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996) (settlement of an action on behalf of shareholders of Transnational



Harwood Feffer LLP

Page 11

Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); <u>Goldsmith v. Technology Solutions Company</u>, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and <u>cum laude</u> from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, <u>Park Lane Hosiery Co., Inc. v. Shore</u>, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of <u>Morse v. McWhorter</u>, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and <u>In re Olsten Corporation Securities Litigation</u>, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated <u>cum laude</u> from Fordham College in 1980 and <u>cum laude</u> from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is



Harwood Feffer LLP

Page 12

also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as In re Executive Telecard, Ltd. Securities Litigation, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); In re Verizon Three Way Calling Litigation, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); In re Graham-Field Health Products, Inc. Securities Litigation, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and Geer v. Cox, et al., Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

Prior to joining Harwood Feffer, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Harwood Feffer in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.



Harwood Feffer LLP
Page 13

**Peter W. Overs, Jr.,** Counsel to the Firm, was admitted to the New York Bar in 1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995. He is a graduate of St. Johns University (J.D., 1993) and New York University (B.A., *magna cum laude*, Departmental Honors in Philosophy, 1990). Mr. Overs authored "U.S. v. Fagg: Stretching the Bounds of Privacy," 66 St. Johns L. Rev. 1193 (1993). He is a member of the Association of the Bar, City of New York. Upon graduation from law school, Mr. Overs served as law clerk to the Honorable Paul J. Kelly, Jr., Circuit Judge, United States Court of Appeals for the Tenth Judicial Circuit. Prior to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in antitrust and securities class actions, complex commercial litigation and federal appeals.

Mr. Overs has played a significant role in the Firm's prosecution of employment misclassification and related Fair Labor Standards Act claims in In re FedEx Ground Package System, Inc., Employment Practices Litigation, MDL No. 1700 and Reid, et al. vs. SuperShuttle Int'l, Inc., et al. Civ. No. 1:08-cv-04854-JG-VVP (E.D.N.Y.). Mr Overs' practice also includes the prosecution of shareholder rights, consumer rights, securities fraud, antitrust and ERISA class actions.

**Tanya Korkhov**, an associate of the Firm, was admitted to the bar in 2006. Ms. Korkhov graduated from New York University with a Bachelor of



Harwood Feffer LLP

Page 14

Arts in English and American Literature. She received her J.D. from the Benjamin N. Cardozo School of Law in 2005, where as a member of the Securities Arbitration Clinic, she represented clients in securities-related matters. Ms. Korkhov represented Cardozo on a four-member team in the 2005 and 2004 annual Willem C. Vis International Commercial Arbitration Moot Competition held in Vienna, Austria. Ms. Korkhov is admitted to the United States District Courts for the Southern and Eastern Districts of New York.

**Roy Shimon**, an associate of the Firm, was admitted to the Bar of the State of New York in 2007. Prior to becoming an associate of the Firm, Mr. Shimon served as judicial intern to New York Supreme Court Justice Ronald D. Hollie, and to New York State Supreme Court Justice/Associate Justice Appellate Term Jaime A. Rios.

Mr. Shimon graduated with honors from Franklin & Marshall College in 2003, where he was also inducted into the Pi Sigma Alpha and Alpha Kappa Delta National Honor Societies. He received his J.D. from St. John's University in 2006, where he served on the Board of the Moot Court Honor Society, and as Vice President of the Entertainment & Sports Law Society. Mr. Shimon is admitted to the United States District Courts for the Southern and Eastern Districts of New York.

# EXHIBIT B

FIRM
RESUME

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

## WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP





Founded in 1888, Wolf Haldenstein Adler Freeman & Herz LLP is a full service law firm with practice groups in corporate/tax, pension/benefits, real estate, trusts and estates, healthcare, bankruptcy, limited partnerships, and civil and commercial litigation. The Firm has a particular specialty in complex class action litigation – including consumer, biotechnology, antitrust, shareholder, and ERISA litigation – under both federal and state law.

Wolf Haldenstein's total practice approach, supported by the Firm's mid-range size, distinguishes the Firm from other firms. Our longstanding tradition of a close attorney/client relationship ensures that each one of our clients receives prompt, individual attention and does not become lost in an institutional bureaucracy. Our team approach is at the very heart of Wolf Haldenstein's practice. All of our lawyers are readily available to all of our clients and to each other. The result of this approach is that we provide our clients with an efficient legal team having the broad perspective, expertise and experience required for any matter at hand. We are thus able to provide our clients with cost effective and thorough counsel focused on our clients' overall goals.

The Firm's offices are located at 270 Madison Avenue, New York, New York 10016, telephone: (212) 545-4600, fax: (212) 545-4653; 55 West Monroe Street, Suite 1111, Chicago, Illinois 60603, telephone: (312) 984-0000, fax: (312) 984-0001 (Wolf Haldenstein Adler Freeman & Herz LLC); and Symphony Towers, 750 B Street, Suite 2770, San Diego, California 92101, telephone: (619) 239-4599, fax: (619) 234-4599. The Firm's web site address is www.whafh.com.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

# THE FIRM





Wolf Haldenstein's Class Action Litigation Group has been recognized by courts throughout the country as being highly experienced in complex litigation, particularly with respect to securities, consumer, ERISA, FLSA and state overtime and expose deductions, and antitrust class actions and shareholder rights litigation. The Class Action Litigation Group consists of 33 attorneys and 8 paraprofessional assistants. Brief resumes of these attorneys begin on page 19.

Also included are the resumes of attorneys from other areas of the Firm's practice who routinely lend their expertise to the Firm's class action litigators in the areas of tax, bankruptcy, corporate, trusts, labor, and ERISA law. The ability to call upon the internal expertise of practitioners in such varied areas of the law greatly enhances the strength and efficiency of the Firm's representative litigation practice and, indeed, makes Wolf Haldenstein unique among national firms specializing in class action litigation.

The nature of the Firm's activities in representative litigation is extremely broad. In addition to a large case load of securities fraud and other investor class actions, Wolf Haldenstein has represented classes of corn and rice farmers in connection with the devaluation of their crops; contact lens purchasers for contact lens manufacturers' violations of the antitrust laws; merchants compelled to accept certain types of debit cards; insurance policyholders for insurance companies' deceptive sales practices; victims of unlawful strip searches under the civil rights laws; and various cases involving violations of Internet users' on-line privacy rights.

The Firm's experience in class action securities litigation, in particular public shareholder rights under state law and securities fraud claims arising under the federal securities laws and regulations, including the Private Securities Litigation Reform Act of 1995 ("PSLRA"), is particularly extensive. The Firm was one of the lead or other primary counsel in securities class action cases that have recouped billions of dollars on behalf of investor classes, in stockholder rights class actions that have resulted in billions of dollars in increased merger consideration to shareholder classes, and in derivative litigation that has recovered billions of dollars for corporations.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

Among its colleagues in the plaintiffs' securities bar, as well as among its adversaries in the defense bar, Wolf Haldenstein is known for the high ability of its attorneys, the exceptionally high quality of its written and oral advocacy on behalf of class action clients, and its pioneering efforts in difficult or unusual areas of securities or investor protection laws, including: groundbreaking claims that have been successfully brought under the Investment Company Act of 1940 regarding fiduciary responsibilities of investment companies and their advisors toward their shareholders; claims under ERISA involving fiduciary duties of ERISA trustees who are also insiders in possession of adverse information regarding their fund's primary stockholdings; the fiduciary duties of the directors of Delaware corporations in connection with change of control transactions; the early application of the fraud-on-the-market theory to claims against public accounting firms in connection with their audits of publicly traded corporations; and the application of federal securities class certification standards to state law claims often thought to be beyond the reach of class action treatment.





Wolf Haldenstein's performance in representative litigation has repeatedly received favorable judicial recognition. The following representative judicial comments over two decades indicate the high regard in which the Firm is held:

- *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.) – where the Firm was Lead Counsel, Judge Rosen, at the June 7, 2010 final approval hearing, praised the Firm for doing "an outstanding job of representing [its] clients," and further commented that "the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.) – where the Firm was co-lead counsel, Judge Laughrey said (on October 16, 2008), "[a]ll of the attorneys in this case have done an outstanding job, and I really appreciate the quality of work that we had in our chambers as a result of this case."

- *In re Dynamic Random Access Memory Antitrust Litigation*, MDL-02-1486 (N.D. Cal.) – where the Firm was co-lead counsel, Judge Hamilton said (on August 15, 2007), "I think I can conclude on the basis with my five years with you all, watching this litigation

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP







progress and seeing it wind to a conclusion, that the results are exceptional. The percentages, as you have outlined them, do put this [case] in one of the upper categories of results of this kind of [antitrust] class action. I am aware of the complexity . . . I thought that you all did an exceptionally good job of bringing to me only those matters that really required the Court's attention. You did an exceptionally good job at organizing and managing the case, assisting me in management of the case. There was excellent coordination between all the various different plaintiffs' counsel with your group and the other groups that are part of this litigation. . . . So my conclusion is the case was well litigated by both sides, well managed as well by both sides."

- *In re Comdisco Sec. Litigation*, 01 C 2110 (N.D. Ill. July 14, 2005) – Judge Milton Shadur observed: "It has to be said . . . that the efforts that have been extended [by Wolf Haldenstein] on behalf of the plaintiff class in the face of these obstacles have been exemplary. And in my view [Wolf Haldenstein] reflected the kind of professionalism that the critics of class actions . . . are never willing to recognize. . . . I really cannot speak too highly of the services rendered by class counsel in an extraordinary difficult situation."

- *In re MicroStrategy Securities Litigation*, 150 F. Supp. 2d 896, 903 (E.D. Va. 2001) – where the Firm was co-lead counsel, Judge Ellis commented: "Clearly, the conduct of all counsel in this case and the result they have achieved for all of the parties confirms that they deserve the national recognition they enjoy."

- *In Re Toys R Us Antitrust Litigation*, 98 MDL 1211 (NG), 191 F.R.D. 347, 351, 356 (E.D.N.Y. 2000) – where the Firm served as co-lead and liaison counsel, Judge Gershon wrote: "Class counsel are highly skilled and experienced and can fairly and adequately represent the interests of the class . . . . Counsel for both the class plaintiffs and the States have well-earned the compensation that they request."

- *Yud v. Saf T Lok*, No. 98-8507-Civ-Hurley (S.D. Fla. Dec. 15, 1999) – where the Firm was sole lead counsel, the court stated: "The attorneys have done an outstanding amount of work and fine legal

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

work in a short period of time to bring this class action to resolution in a successful fashion."

- *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373, 94 Civ. 2546 (MBM) (S.D.N.Y. Nov. 13, 1998) – where the Firm was sole lead counsel, then Chief Judge Mukasey, in approving a $116.5 million settlement stated: "In this case, this represents a lot of good, hard, serious work by a lot of talented lawyers and I appreciate it on both sides."

- *Paramount Communications v. QVC Network Inc.*, 637 A.2d 34, 37 n.2 (Del. 1994) – where the Firm was co-lead counsel for the Paramount shareholders, the Supreme Court of Delaware noted "its appreciation of . . . the professionalism of counsel in this matter in handling this expedited litigation with the expertise and skill which characterize Delaware proceedings of this nature." The Court further "commended the parties for their professionalism in conducting expedited discovery, assembling and organizing the record, and preparing and presenting very helpful briefs, a joint appendix, and oral argument."

- *In re Laser Arms Corp. Securities Litigation*, 794 F. Supp. 475, 496 (S.D.N.Y. 1989) – where the Firm was lead counsel, the Court stated "plaintiffs' counsel have demonstrated their experience in securities litigation and the Court is confident that counsel will proceed vigorously on behalf of all class and subclass members."

- *In re Public Service Co. of Indiana Derivative Litigation*, 125 F.R.D. 484, 486 (S.D. Ind. 1988) – concerning the construction of the Marble Hill Nuclear Power Plant, where the Firm was lead counsel, the court said: "Throughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides."

- *In re Public Service Co. of New Hampshire Derivative Litigation*, 84-220-D (D.N.H. 1986) – involving the construction of the Seabrook Nuclear Power Plant, where the Firm was lead counsel, the court said of plaintiffs' counsel that "the skill required and employed was of the highest caliber."





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Warner Communications Securities Litigation*, 618 F. Supp. 735, 749 (S.D.N.Y. 1985) – where the Firm served as co-lead counsel, the court noted the defendants' concession that "'plaintiffs' counsel constitute the cream of the plaintiffs' bar.' The Court cannot find fault with that characterization."

- *Steiner v. Equimark Corp.*, No. 81-1988 (W.D. Pa. 1983) – a case involving complex issues concerning banking practices in which the Firm was lead counsel, then District Judge Mannsman described, in part, the work the Firm performed:

> We look at the complexity of the issue, the novelty of it, the quality of work that, as the trial judge, I am able to perceive, and then, finally, the amount of recovery obtained: I think I have certainly said a lot in that regard. I think it's been an extraordinary case. I think it's an extraordinary settlement. Certainly defense counsel and plaintiffs' counsel as well are all experienced counsel with a tremendous amount of experience in these particular kinds of cases. And under those circumstances . . . I think it was, really, the strategy and ingenuity of counsel in dividing up the workload and strategizing the cases as to who was to do what and what ultimately should be done to bring about the settlement that was achieved.

## SECURITIES CASES

Wolf Haldenstein is a leader in the class action litigation field and is currently or has been the court-appointed lead counsel, co-lead counsel, or executive committee member in some of the largest and most significant class action lawsuits currently pending across the United States, including:

- *The Investment Committee of the Manhattan and Bronx Surface Transit Operating Authority Pension Plan v. JPMorgan Chase Bank., N.A.*, 09-cv-4408 (SAS) (S.D.N.Y.).

- *Newman v. Family Management, et al.* (Madoff feeder fund litigation re FM Low Volatility Fund LP), 08-cv-11215 (LBS) (S.D.N.Y.).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *In re Tremont Securities Law, State Law and Insurance Litigation, Insurance Action,* (Madoff related litigation against certain insurance companies, investment advisors and funds), 09-cv-557 (TPG) (S.D.N.Y.).



- *In re Initial Public Offering Securities Litigation,* 21 MC 92 (SAS) (S.D.N.Y.).



- *Inland Western Securities Litigation,* Case No. 07 C 6174 (N.D. Ill.)

- *In re Triad Hospitals, Inc. Shareholder Litigation,* Case No. 296-00435-07 (Tex. 296th Dist. Ct.).

- *Clear Channel Shareholder Litigation,* Cause No. 2006-CI-17492 (Tex. 408th Dist. Ct.)

- *In re American Pharmaceutical Partners, Inc. Shareholder Litigation,* Consolidated C.A. No. 1823-N (Del. Ch. Ct.).

- *In re Thornburg Mortgage, Inc. Securities Litigation,* No. 07-815 (D.N.M.).

- *In re General Growth Properties, Inc. ERISA Litigation,* Master File No. 08-cv-6680 (N.D. Ill.).

- *In re Schering-Plough Corporation ENHANCE ERISA Litigation,* No. 08 Civ. 1432 (D.N.J.).

- *In re UBS AG ERISA Litigation,* 1:08-cv-6696 (S.D.N.Y.).

- *In re Morgan Stanley ERISA Litigation,* 07 Civ. 11285 (S.D.N.Y.).

- *Comcast Corp. ERISA Litigation,* C.A. No. 08-773 (E.D. Pa.).

- *In re American Express ERISA Litigation,* 08-CV-10834 (S.D.N.Y.).

- *In re Textron Inc. ERISA Litigation,* 09-CV-542 (D.R.I.).

## DERIVATIVE CASES

Wolf Haldenstein is a leader in the derivative litigation field and is

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





currently leading counsel in some of the most significant derivative actions pending in the United States, including:

- *In re Mutual Fund Investment Litigation*, MDL No. 1586 (D. Md.).

- *AIG, Inc. Consolidated Derivative Litigation*, C.A. No. 769-N (Del. Ch. Ct.).

- *In re Bank of America Corporation Stockholder Derivative Litigation*, C.A. No. 4307-VCS (Del. Ch. Ct.).

- *In re Citigroup, Inc. Shareholder Derivative Litigation*, C.A. No. 3338-cc (Del. Ch. Ct.).

- *In re Ambac Financial Group, Inc. Shareholder Derivative Litigation*, C.A. No. 3521-VCL (Del. Ch. Ct.).

- *In re Silicon Storage Technology, Inc. Derivative Litigation*, No. 606-04310JF (N.D. Cal.).

- *In re MBIA Derivative Action*, 08 Civ. 1515 (KTK) (S.D.N.Y.).

- *In re Atmel Corp. Derivative Litigation*, Master File No. 06-4592 JF (HRL) (N.D. Cal.).

- *In re Novellus Systems, Inc. Derivative Litigation*, Master File No. C 06-03514 RMW (N.D. Cal.).

- *In re Verisign, Inc. Derivative Litigation*, Master File No. C-06-4165-PJH (N.D. Cal.).

- *In re Huron Consulting Group, Inc. Derivative Litigation*, 09-cv-6284 (N.D. Ill.).

## PRIVATE ACTIONS FOR INSTITUTIONAL INVESTORS

In addition to its vast class action practice, the Firm also regularly represents institutional clients such as public funds, investment funds, limited partnerships, and qualified institutional buyers. The Firm has represented institutional clients in non-class federal and state actions concerning a variety of matters, including private placements, disputes with investment advisors, and disputes with corporate management. Examples of such cases include:

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



- *Steed Finance LDC v. Laser Advisers, Inc.*, 99 Civ. 4222 (PKC) (S.D.N.Y.), a fraud, negligence, breach of contract and breach of fiduciary duty action brought by a hub fund, a related feeder fund and individual investors in the feeder fund against the funds' former investment advisors for mispricing certain securities and derivative instruments in the funds' fixed-income securities portfolio.



- *Diversified Asset Securitization Holdings I, L.P. v. Enterprise Mortgage Acceptance Co, LLC, et al.*, 02 Civ. 10228 (SWK) (S.D.N.Y.), a federal and state securities fraud action brought by limited partnerships that pooled the investments of various insurance companies against the issuer and management and controlling shareholder of the issuer, concerning misrepresentations made in connection with a private placement of certificates representing interests in a securitized pool of loans made to franchise operations of car care businesses, gas stations, convenience stores and quick service restaurants.



- *Gramercy Park Investments v. Airfund International*, No. 97-22734B (Mass. Super. Ct.); *Gramercy Park Investments v. The Krupp Realty Fund*, No. 97-1612 (Mass. Super. Ct.); *Geodyne Resources v. Gramercy Park Investments*, No. CJ-96-05548 (Dist. Ct. Okla.); *Gramercy Park Investments v. Wells Real Estate Fund*, No. 97-A-0241-3 (Ga. Super. Ct.); *Gramercy Park Investments v. Swift Energy*, No. 96-61729 (Dist. Ct. Tex.); and *Lexington Family Investments v. Dean Witter*, No. 15217-96 (N.Y. Sup. Ct.); actions brought on behalf of institutional investors in state courts throughout the nation demanding inspection of investor lists and other corporate and partnership information.

- *Madison Partnership Liquidity Investors v. American Cable TV Investors*, 97 Civ. 4950 (JSM) (S.D.N.Y.); and *Madison Partnership Liquidity Investors v. PLM Equipment Growth Fund*, 98 Civ. 4057 (JSM) (S.D.N.Y.); actions brought on behalf of institutional investors against fund management for improper defensive actions taken in response to investors' acquisitions of large positions in funds.

The Firm has also acted as special counsel to investors' committees in efforts to assert the investors' interests without resort to litigation. For example,

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP



the Firm served as Counsel to the Courtyard by Marriott Limited Partners Committee for several years in its dealings with Host Marriott Corporation, and as Special Counsel to the Windsor Park Properties 7 and 8 limited partners to insure the fairness of their liquidation transactions.



## ANTITRUST LITIGATION



Wolf Haldenstein is a leader in the field of antitrust and competition litigation. The Firm actively seeks to enforce the federal and state antitrust laws to protect and strengthen the rights and claims of businesses, organizations, and consumers throughout the United States. To that end, Wolf Haldenstein commences large, often complex, antitrust and trade regulation class actions and other cases that target some of the most powerful and well-funded corporate interests in the world. Many of these interests exert strong influence over enforcement policy that is in the hands of elected officials, so that private enforcement provides the only true assurance that unfair and anticompetitive conduct will be duly scrutinized for compliance with the law. These cases frequently bring to light concealed, unlawful behavior such as price fixing, monopolization, market allocation, monopoly leveraging, essential facilities, tying arrangements, vertical restraints, exclusive dealing, and refusals to deal. Wolf Haldenstein's Antitrust Practice Group has successfully prosecuted numerous antitrust cases and aggressively advocates remedies and restitution for businesses and investors wronged by violations of the antitrust laws.

Wolf Haldenstein attorneys have served or currently serve as lead counsel, co-lead counsel, or as executive committee members in some of the largest and most significant antitrust class action lawsuits, including:

- *In re Dairy Farmers of America, Inc. Cheese Antitrust Litigation*, No. 1:09-cv-03690, MDL No. 2031 (N.D. Ill.) – Consolidated litigation alleging manipulation of cheese and milk futures to raise prices of dairy products.

- *In re Evanston Northwestern Healthcare Corp.*, No. 06-4446-JHL (N.D. Ill.) – Illegal monopolization and attempted monopolization of relevant market.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re McDonough, et al. v. Toys "R" Us, Inc., et al.*, No 2:06 CV 00242-AB (E.D. Pa.) – Retail price maintenance antitrust litigation. Class certification was granted under the Third Circuit's standards for class certification as clarified by *In re Hydrogen Peroxide*, 552 F.3d 305 (3d Cir. 2008) and the case settled for a total class recovery of $35.5 million.

- *In re Text Messaging Antitrust Litigation*, No. 08-C-7082-MFK (N.D. Ill.) – Horizontal price fixing litigation. Antitrust suit alleging that the four national wireless communications service providers implemented a price fixing conspiracy to raise and stabilize prices for text messaging services.

- *In re Sulfuric Acid Antitrust Litigation*, No. 03-4576, MDL No. 1536 (N.D. Ill.) – Horizontal price fixing and market allocation antitrust litigation.

- *Schoenbaum v. E.I. DuPont de Nemours & Co.*, No. 05-CV-01108 ERW (E.D. Mo.) – Consolidated antitrust case concerning price fixing and monopolization claims pertaining to soybean and corn seeds containing Monsanto's Roundup Ready and/or YieldGard genetic traits.

## BIOTECHNOLOGY AND AGRICULTURAL LITIGATION

Wolf Haldenstein is a leader in biotechnology and agricultural litigation. The firm has represented U.S. row crop farmers and others harmed by crop supply contamination, price fixing of genetically-modified crop seeds, and false claims and representations relating to purportedly "organic" products. The firm has prosecuted actions in these fields against domestic and international biotechnology and crop science companies under the federal and state antitrust laws, consumer protection and deceptive trade practice statues, and the common law. As a leader in this field, Wolf Haldenstein pioneered approaches now commonly used in these types of cases, including the use of futures-based efficient market analyses to fashion damages models relating to the underlying commodity crops. The firm has served or is currently serving as lead or co-lead counsel in some of the most significant biotechnology and agricultural class actions pending or litigated in the United States, including:

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Genetically Modified Rice Litigation*, MDL 1811 (E.D. Mo.) – Multidistrict product liability litigation brought on behalf of United States long-grain rice producers seeking to recover damages they sustained resulting from the contamination of the U.S. rice supply with unapproved, genetically-modified rice seed traits developed and tested by Bayer CropScience LP and related entities. Settled on July 1, 2011 for $750,000,000.

- *In re Imprelis Herbicide, Sales Practice and Products Liability Litigation*, MDL No. 2284 (E.D. Pa.) – Multidistrict class action litigation brought by landowners and landscapers against E.I. DuPont de Nemours and Company seeking to recover damages for tree and other foliage death and other harm caused by DuPont's Imprelis herbicide.

- *In re StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Ill.) – Class action that recovered $110 million for U.S. corn farmers who sustained market losses arising from defendants' contamination of the U.S. food corn supply with an improperly bioengineered corn seed product.

- *In re ConAgra Foods, Inc.*, MDL No. 2291 (C.D. Cal.) – Multidistrict class action lawsuit against ConAgra arising out of its marketing of its Wesson Oil products as being "100% Natural," when they are actually made from genetically-modified plants or genetically-modified organisms.

- *Schoenbaum v. E.I. DuPont de Nemours and Company, et al.*, Case No. 4:05-cv-01108 ERW (E.D. Mo.) – Consolidated antitrust cases concerning genetically modified corn and soybean seeds.

## OVERTIME AND COMPENSATION CLASS ACTIONS

Wolf Haldenstein is a leader in the field of class action litigation on behalf of employees who have not been paid overtime or other compensation they are entitled to receive, or have had improper deductions taken from their compensation. These claims for violations of the federal Fair Labor

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

Standards Act and state labor laws, allege improper failure to pay overtime and other wages, and improper deductions from compensation for various company expenses. Wolf Haldenstein is currently lead or co-lead counsel, or other similar lead role, in some of the most significant overtime class actions pending in the United States, including those listed below:





- *Lavoice v. Citigroup Global Markets, Inc.*, 06-0756 (S.D.N.Y.)

- *Basile v. A.G. Edwards, Inc.*, 06-cv-0833 (N.D.N.Y)

- *Rosenthal v. A.G. Edwards & Sons, Inc.*, 06-3995 (D.N.J.)

- *Palumbo v. Merrill Lynch*, 06-2104 (E.D.N.Y.)

- *Garrison v. Merrill Lynch*, 06-3553 (D.N.J.)

- *Roles v. Morgan Stanley*, 05-7889 (E.D.N.Y.)

- *Lenihan v. Morgan Stanley*, 06-00794 (D. Conn.)

- *Klein v. Ryan Beck*, 06-03460 (S.D.N.Y.)

- *Badain v. Wachovia*, 06-06321 (W.D.N.Y.)

- *Garcia v. Lowe's Home Centers, Inc.*, Case No. GIC 841120 (S.D. Supr.)

- *Weinstein v. MetLife, Inc.*, 06-cv-04444-SI (N.D. Cal.)

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





## THE CLASS ACTION LITIGATION GROUP

The qualifications of the attorneys in the Wolf Haldenstein Litigation Group are set forth below and are followed by descriptions of some of the Firm's attorneys who normally practice outside the Litigation Group who contribute significantly to the class action practice from time to time.



## PARTNERS

**DANIEL W. KRASNER:** *admitted:* New York; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Sixth, Eighth, Ninth, Tenth, and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Central District of Illinois, and Northern District of Michigan. *Education:* Yeshiva College (B.A., 1962); Yale Law School (LL.B., 1965). Mr. Krasner, a partner in the Firm's New York office, is the senior partner of Wolf Haldenstein's Class Action Litigation Group. He began practicing law with Abraham L. Pomerantz, generally credited as the first "Dean of the Class Action Bar." He founded the Class Litigation Group at Wolf Haldenstein in 1976.

Mr. Krasner received judicial praise for his class action acumen as early as 1978. *See, e.g.,* Shapiro v. Consolidated Edison Co., [1978 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 96,364 at 93,252 (S.D.N.Y. 1978) ("in the Court's opinion the reputation, skill and expertise of . . . [Mr.] Krasner, considerably enhanced the probability of obtaining as large a cash settlement as was obtained"); Steiner v. BOC Financial Corp., [1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) & 97,656, at 98,491.4, (S.D.N.Y. 1980) ("This Court has previously recognized the high quality of work of plaintiffs' lead counsel, Mr. Krasner"). The New York Law Journal referred to Mr. Krasner as one of the "top rank plaintiffs' counsel" in the securities and class action fields. In connection with a failed 1989 management buyout of United Airlines, Mr. Krasner testified before Congress.

More recently, Mr. Krasner has been one of the lead attorneys for plaintiffs in some of the leading Federal multidistrict cases in the United States, including the IPO Litigation in the Southern District of New York, the Mutual Fund Timing Litigation pending in the District of Maryland, and several Madoff-related litigations pending in the Southern District of New York. Mr. Krasner has also been lead attorney in several precedent-setting shareholder actions in Delaware Chancery Court and the New York Court of Appeals, including *American International Group, Inc. v. Greenberg,* 965

**WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP**

A.2d 763 (Del. Ch. 2009) and the companion certified appeal, *Kirschner v. KPMG LLP*, Nos. 151, 152, 2010 N.Y. LEXIS 2959 (N.Y. Oct. 21, 2010); *Teachers' Retirement System of Louisiana and City of New Orleans Employees' Retirement System, derivatively on behalf of nominal defendant American International Group, Inc., v. PricewaterhouseCoopers LLP*, No. 152 (New York, October 21, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 119 (Del. Ch., May 25, 2010); *In re CNX Gas Corp. S'holders Litig.*, C.A. No. 5377-VCL, 2010 Del. Ch. LEXIS 139, (Del. Ch. July 5, 2010), appeal refused, 2010 Del. LEXIS 324, 2010 WL 2690402 (Del. 2010).





Mr. Krasner has lectured at the Practicing Law Institute; Rutgers Graduate School of Business; Federal Bar Council; Association of the Bar of the City of New York; Rockland County, New York State, and American Bar Associations; Federal Bar Council, and before numerous other bar, industry, and investor groups.

**FRED TAYLOR ISQUITH:** Fred Taylor Isquith is a Senior Partner in Wolf Haldenstein Adler Freeman & Herz LLP. He can be contacted at 270 Madison Avenue, New York, NY 10016; (212) 545-4600; Isquith@whafh.com.

A frequent author, lecturer, and participant in Bar committees and other activities, Mr. Isquith has devoted his career to complex financial litigation and business matters.

After graduation from Columbia University Law School (J.D. 1971), Mr. Isquith became a member of the Bar of the State of New York. He is also a member of the Bars of the District of Columbia; Supreme Court of the United States; U.S. Courts of Appeals for the First, Second, Third, Fourth and Eighth Circuits; U.S. District Courts for the Southern, Eastern and Northern Districts of New York, District of Arizona, District of Colorado, Northern and Central District of Illinois, Western District of Michigan and District of Nebraska.

Mr. Isquith currently writes a weekly column of class action for *The Class Act*, a publication of the National Association of Shareholders and Consumer Attorneys and appears monthly as a columnist for *Law 360*. Among his articles and writings are: *Concepcion Commands a Case-by-Case Analysis*, (March, 2012); *Dec. 20, 2011 - 3 Big Decisions* (February, 2012); *Case Study: Damasco v. Clearwire* (January, 2012); *Redefining Loss Causation In*

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





*Mutual Fund Cases* (December, 2011); *The Delaware Chancery Court as Corporate Regulator* (November, 2011); *Case Study: Atkinson V. Morgan Asset Management* (October, 2011); *2 Months After Dukes . . .* (September, 2011); *Interpretation of Arbitration Provision Post-Concepcion* (August, 2011); *In Context: Recent Class Action Jurisprudence* (July, 2011); *SLUSA and State Court Securities Actions* (June, 2011); *Addressing Multiforum Deal Litigation* (May, 2011); *Clarifying Jurisdiction for Foreign Claimants,* Law 360 (May 18, 2010); *Within the SEC* (Securities Law 360, April 15, 2010); *Is It Material? Depends On Who You Ask* (April, 2011); *In Re Bear Stearns — 1 Concealment, 3 Results* (March, 2011); *Interlocutory Appeals and Twombly In 7th Circ.* (February, 2011); *Does Securities Enforcement Make Corps. Stronger?* (January, 2011); *The End of Class Actions? Not Likely* (December, 2010); *Interpreting Morrison v. National Australia Bank* (November, 2010); *Five Cases Impacting Investors in Public Cos.* (September, 2010); *Del. Opinion to Inform Future Freeze-Out Mergers* (August, 2010); *Spring Supreme Court Roundup* (June 9, 2010); *Wither the SEC? No Place New* (April, 2010); *A Third and Fourth Look at the Bank of America Opinion,* Securities Law 360 (October 23, 2009); Guest Column: *New Ruling on Rating Agencies Responsibilities Bears Close Scrutiny,* Securities Docket (September 18, 2009); *An SEC Monopoly Will Not Work,* (Institutional Investors Services, 2007); *A Flexible Approach to Loss Causation,* (2005); *Wolf in Sheep's Clothing: Tort Reform* (2004, SRI); *Ethics Going Astray By Small Steps,* (2004); *The Seven Year Itch* (2003); A *Scalpel in Your Hand: Litigation as a Tool* (2002, SRI); *Anatomy of a Deposition . . . Complex Financial Case* (2002, NYC Bar); Federal Civil Practice Supplement, *Representative Actions,* (NYSBA, 2000); *Post Arbitration Remedies,* for an Introduction to Securities Arbitration (NYSBA, 1994).

Further he is a lecturer called upon by the Academy and Bar. For example, *Class Actions with Caution,* (Touro School, 2011); The Federal Pleading Standards after Twombly; Touro Law School (2010). Panelist with the Antitrust Committee of the New York City Bar Association Regarding Private Equity Transactions and the Implications of the Supreme Court's Recent Decisions (2008); Developments in Class Actions; (NYSBA, 2007); IPO Tie In/Claims Seminar, Professional Liability Underwriter Society; Securities Arbitration New York State Bar Association; Real Estate Exit Strategies, American Conference Institute; Fundamental Strategies in Securities Litigation (NYSBA, CLE Program). He has been active in the Bar Association's activities: President's Committee on Access to Justice (2010); Committee on Evidence (2007 - ); Committees on Legislation and Federal Courts, 1984-1988), Committee on Securities, The Association of the Bar of

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





the City of New York (Committee on Federal Courts; Committee on Antitrust); New York County Lawyers' Association (Former Chair: Business Tort/Consumer Fraud-Tort Law Section); Brooklyn (Member: Committee on Civil Practice Law and Rules, 1983-1987; New York State (Member: Committee on Legislation, Trial Lawyers Section, 1981- ); the District of Columbia Bar; and Legislation and Civil Practice Law and Rules Committee of the Brooklyn Bar Association; Vice President if the Institute for Law and Economic Policy. Mr. Isquith has been Chairman of the Business Tort/Consumer Fraud Committee of the Tort Law Section of the New York State Bar Association and is a member of that Association's Committees on Securities Law and Legislation. He also serves as a judge for the Moot Court Competition of Columbia University Law School. Mr. Isquith served as President of the National Association of Securities and Commercial Law Attorneys in 2003 and 2004.

Mr. Isquith is frequently quoted in the Wall Street Journal, the New York Times, and other national publications.

The April 1987 issue of Venture magazine listed Mr. Isquith as among the nation's top securities class action attorneys. Since 2006 Mr. Isquith has been elected as among the top 5% of attorneys in the New York City metropolitan area chosen to be included in the Super Lawyers Magazine. Martindale Hubbell registers Mr. Isquith as one of the Preeminent Lawyers (2010), Avenue Magazine, Legal Elite (2010).

**JEFFREY G. SMITH**: *admitted:* New York; California; Supreme Court of the United States; U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Circuits; U.S. Tax Court; U.S. District Courts for the Southern and Eastern Districts of New York, Southern, Central and Northern Districts of California and the Districts of Colorado and Nebraska. *Education*: Vassar College (A.B., *cum laude generali*, 1974); Woodrow Wilson School of Public and International Affairs, Princeton University (M.P.A., 1977); Yale Law School (J.D., 1978). At Yale Law School, Mr. Smith was a teaching assistant for the Trial Practice course and a student supervisor in the Legal Services Organization, a clinical program. Member: The Association of the Bar of the City of New York; New York State and American (Section on Litigation) Bar Associations; State Bar of California (Member: Litigation Section); American Association for Justice. Mr. Smith has frequently lectured on corporate governance issues to

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





professional groups of Fund trustees and investment advisors as well as to graduate and undergraduate business student groups, and has regularly served as a moot court judge for the A.B.A. and at New York University Law School. Mr. Smith has substantial experience in complex civil litigation, including class and derivative actions, tender offer, merger, and takeover litigation. Mr. Smith is rated "AV" by Martindale Hubble and, since its inception in 2006, has been selected as among the top 5% of attorneys in the New York City metropolitan area chosen to be included in the Super Lawyers Magazine.

**FRANCIS M. GREGOREK:** *admitted:* California; New York; United States Courts of Appeals for the Second and Ninth Circuits; United States District Courts for the Southern and Eastern Districts of New York and the Southern, Central, and Northern Districts of California. *Education:* University of Virginia (B.A., *magna cum laude*, 1975). Phi Beta Kappa, Phi Alpha Theta International Historical Honor Society; University College, Durham University, England; New York University School of Law (J.D., 1978). Mr. Gregorek is the Managing Partner of the Firm's San Diego office. Throughout his 32 year career, Mr. Gregorek's practice has focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, antitrust, consumer protection, and technology. Mr. Gregorek has also represented foreign governments involved in complex commercial litigation in United States federal courts. As part of that representation, Mr. Gregorek has worked in conjunction with the heads of ministerial departments, ambassadors, and consular officials of those countries charged by their governments with overseeing the litigations, as well as the attorney general of a government he was representing. Throughout these litigations, Mr. Gregorek met with such government officials to advise and plan strategy in addition to keeping them fully up-to-date on the progress of the litigation.

Mr. Gregorek has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States. For example, *In re Dole Shareholder Litigation,* Case No. BC281949 (Super. Ct. Los Angeles County, 2003). Mr. Gregorek and the Firm served as co-lead counsel in this case, arising from a proposed going-private transaction in which Dole's Chief Executive Officer, David Murdock, sought to acquire the shares of Dole stock not then owned by him for $29.50 per share. A settlement of the action for $172 million,





representing a payment of an additional $4 per share over Murdock's offering price, was reached after months of intense litigation. Additionally, the settlement required improvements to the shareholder approval process, including a "majority of the minority" provision as well as enhanced disclosures regarding the merger terms, process, and financial operations of Dole designed to guarantee a fully informed shareholder vote. At the time of the case's settlement, the $172 million recovered for the class was one of the top 10 recoveries ever achieved on behalf of a class. Judge Anthony J. Mohr, who presided over the action, stated at the final settlement hearing: "Co-Lead Counsel did excellent first class work." *Id.*

As an additional example, Mr. Gregorek and the Firm served as co-lead counsel in *Bamboo Partners LLC v. The Robert Mondavi Corp., et al.*, Case No. 26-27170 (Super. Ct. Napa County, 2004), a class action arising from an unsolicited $1.3 billion offer (cash and debt assumption) from Constellation Brands, Inc. for The Robert Mondavi Corp. The plaintiffs challenged not only the valuations assigned to Mondavi's assets and the price of the deal, the process and the disclosures followed, but, most importantly, the allocation of the purchase price between the Mondavi family and Mondavi's public shareholders. Initially, the settlement required enhanced disclosures regarding the merger terms, process, and financial operations of Mondavi designed to guarantee a fully informed shareholder vote. Subsequently, a settlement of the action for $10.8 million, representing some 30% of the alleged damages suffered by Mondavi's public shareholders, was reached after years of intense litigation over the proper interpretation of Mondavi's Articles of Incorporation involving unprecedented questions of corporate governance under both California and Delaware law.

**CHARLES J. HECHT:** *admitted* New York, United States Supreme Court, United States Court of Appeals for the Second Circuit; United States Court of Appeals for the Fifth Circuit; United States Court of Appeals for the Seventh Circuit; United States Court of Appeals for the Sixth Circuit; United States Court of Appeals for the Third Circuit; United States Court of Appeals for the Ninth Circuit; United States Court of Appeals for the Eleventh Circuit; United States District Court for the Southern District of New York; United States District Court for the Eastern District of New York; United States District Court for the; Eastern District of Wisconsin and the United States Court of Appeals for the Seventh Circuit. *Education:* Mr. Hecht is a graduate of Cornell University and Cornell University Law. Charles J. Hecht is a partner of the firm, with over 40 years' experience in

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

securities and commodities transactions, litigation, and arbitration. He has more than 50 published decisions on cases in which he was the sole or lead counsel, in areas ranging from securities and commodities fraud to constitutional and contract disputes.





Mr. Hecht has provided expert testimony before the Internal Revenue Service with respect to the impact of proposed tax regulations on preferred stock hedged with commodity futures and options. He has authored articles on mergers and acquisitions, earn outs, commodities, hedging, derivatives, and arbitration jurisdiction and damages. Since 2005 he has been the legal columnist for smartpros.com, an online newsletter for financial professionals.

He has been active in the New York State Bar Association's continuing legal education program, regularly speaking about class actions and serving as the Chairman of the program on securities arbitration in 1995. In 1996, Mr. Hecht was a principal coauthor of the New York Federal Practice Section's Report on Securities Class Fees. He is also an arbitrator for the American Arbitration Association and COMEX.

Before entering private practice, Mr. Hecht was with the Division of Corporate Finance (Washington, D.C. main office) of the Securities and Exchange Commission. He is actively involved with businesses in China and is a member of the United States-China Chamber of Commerce.

Notable Cases include, *CMIA Partners Equity Ltd. v. O'Neill*, 2010 NY Slip Op 52068(U) (Sup. Ct. N.Y. Co., 2010), *Hecht v. Andover Assocs. Mgmt. Corp.*, 27 Misc 3d 1202(A) (Sup. Ct. Nassau Co., 2010), and *Sacher v. Beacon Assoc. Mgmt. Corp.*, 27 Misc 3d 1221(A) (Sup. Ct. Nassau Co., 2010). The *CMIA* case is the first time that a New York state court examined shareholder derivative suits under Cayman Islands law. The Hecht case was the first Madoff-related feeder fund case to survive a motion to dismiss in the United States.

**MARY JANE FAIT**: *admitted*: New York; Illinois; U.S. District Courts for the Southern and Eastern Districts of New York, and Northern District of Illinois; U.S. Court of Appeals for the Seventh Circuit. *Education*: St. John's College and University of Illinois (B.A., Economics, 1976); Cornell Law School (J.D., 1979). Member: Chicago Bar Association; Illinois Bar Association; Antitrust Division of the American Bar Association.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





**PETER C. HARRAR:** *admitted*: New York; U.S. District Courts for the Southern, Eastern and Northern Districts of New York. *Education*: Princeton University (A.B., with high honors, 1980); Columbia University (J.D., 1984). Phi Beta Kappa. Mr. Harrar has extensive experience in complex securities and commercial litigation on behalf of individual and institutional clients.

**LAWRENCE P. KOLKER:** *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, Western District of Michigan and the District of Colorado. *Education*: State University of New York at Binghamton (B.A., 1978); Brooklyn Law School (J.D., 1983). Editor, *Brooklyn Law Review*, 1982-1983. Panelist, Early Neutral Evaluator for the Eastern District of New York, 1992-1997. Lecturer, Brooklyn Law School, 1989. Assistant Corporation Counsel, City of New York, 1983-1987. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Kolker has spoken at numerous conferences of the Investment Program Association and the Strategic Research Institute concerning limited partnership tender offers and litigation strategies, and has published articles entitled "Litigation Strategies for Limited Partnership Tender Offers" (February 1996) and "Limited Partnership Five Percent Tender Offers" (October 1997) in Standard & Poor's *Review of Securities and Commodities Regulation.* Mr. Kolker has acted as lead counsel in numerous class and derivative actions asserting the rights of investors since joining Wolf Haldenstein in 1989. Mr. Kolker also counsels investment management firms in transactional and securities matters and represents them in corporate and business litigation.

**MARK C. RIFKIN:** *admitted*: New York; Pennsylvania; New Jersey; U.S. Supreme Court; U.S. Courts of Appeals for the Second, Third, Fifth, and D.C. Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, the Eastern and Western Districts of Pennsylvania, the District of New Jersey, the Eastern District of Wisconsin and the Western District of Michigan. *Education*: Princeton University (A.B., 1982); Villanova University School of Law (J.D. 1985). Contributor, PACKEL & POULIN, *Pennsylvania Evidence* (1987). Mr. Rifkin has extensive experience in complex class and derivative actions in securities, ERISA, antitrust, intellectual property, and consumer protection litigation. Mr. Rifkin has extensive trial experience in class and derivative actions, including *In re*

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





*National Media Corp. Derivative Litig.*, C.A. 90-7574 (E.D. Pa.), *Upp v. Mellon Bank, N.A.*, C.A. No. 91-5229 (E.D. Pa.), where the verdict awarded more than $60 million in damages to the Class (later reversed on appeal, 997 F.2d 1039 (3d Cir. 1993)), and *In re AST Research Securities Litigation*, No. 94-1370 SVW (C.D. Cal.), as well as a number of commercial matters for individual clients. Mr. Rifkin has lectured before diverse business and professional organizations in the areas of securities and complex litigation and corporate governance, serves as a moot court judge for the A.B.A. and at New York University Law School, and is a frequent guest lecturer to graduate and undergraduate economics and finance students on corporate governance topics.

MICHAEL JAFFE: *admitted*: California; New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Berkeley (B.S., with highest distinction, 1982); Hastings College of the Law, University of California (J.D., 1987). Judicial Extern to the Honorable Thelton E. Henderson, Northern District of California, 1986-1987. Member: The Association of the Bar of the City of New York. Languages: French.

BETSY C. MANIFOLD: *admitted*: Wisconsin; New York; California; U.S. District Courts for the Western District of Wisconsin, Eastern and Southern Districts of New York, and Northern, Central and Southern Districts of California. *Education*: Elmira College; Middlebury College (B.A., *cum laude*, 1980); Marquette University (J.D., 1986); New York University. Thomas More Scholar. Recipient, American Jurisprudence Award in Agency. Member: The Association of the Bar of the City of New York. Languages: French.

ALEXANDER H. SCHMIDT: *admitted:* New York; New Jersey; United States Supreme Court, United States Court of Appeals for the Second Circuit, and the United States Court of Federal Claims. *Education:* State University of New York, Stony Brook (B.A., 1981); Brooklyn Law School (J.D., 1985). Mr. Schmidt concentrates on sophisticated commercial litigation, including matters involving antitrust, class actions, banking, commercial factoring, securities fraud, civil RICO, real estate, intra-corporate and partnership disputes, and legal and accounting malpractice. His noteworthy, groundbreaking successes include *Dresses For Less, Inc. v. CIT Group/Commercial Services, Inc.*, 2002 U.S. Dist. LEXIS 18338; 2002-2 Trade Cas. (CCH) P73,828 (S.D.N.Y. Sept. 30, 2002) (sustaining Sherman Act

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

claims against commercial factoring industry); *Atkins & O'Brien L.L.P. v. ISS Int'l Serv. Sys.*, 252 A.D.2d 446; 678 N.Y.S.2d 596 (1st Dep't 1998) (lawyers could recover future fees under estoppel exception to general rule that client can terminate relationship at any time as lawyers founded law firm and expended start-up costs based on client's promises of future fees); *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 160 F.R.D. 437 (S.D.N.Y. 1995) (attorney client privilege held waived as to inadvertently disclosed documents not protected by "common interest" doctrine). Mr. Schmidt was an Assistant Adjunct Professor of Law at Brooklyn Law School in 1998 and 1999, where he co-taught a seminar on Federal Discovery Practice.





GREGORY M. NESPOLE: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York; United States Court of Appeals for the Second, Fourth, and Fifth Circuits. *Education*: Bates College (B.A., 1989); Brooklyn Law School (J.D., 1993). Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Nespole's experience includes complex civil and criminal litigation. Mr. Nespole is responsible for the investigation, initiation and prosecution of securities class actions and derivative litigations on behalf of the firm throughout the Country. Mr. Nespole also devotes a considerable amount of time to litigating issues surrounding mergers and acquisitions. Mr. Nespole also represents corporate defendants with respect to class certification issues and structuring class-wide settlements. He has been approved as a panel attorney by a major insurance company to address certification issues. Mr. Nespole is the co-chair of the firm's *Madoff Litigation Task Force*. He has been elected a "Super Lawyer" each year since 2009.

DEMET BASAR: *admitted*: New York; New Jersey; U.S. District Court for the District of New Jersey, Southern District of New York, and Eastern District of Wisconsin. *Education*: Fairleigh Dickinson University (B.A., *summa cum laude*, 1984), Phi Omega Epsilon; Rutgers University School of Law (J.D., 1990). Recipient, West's Scholarship Award, Senior Notes and Comments Editor, *Rutgers Law Review*. Member: The Association of the Bar of the City of New York. Languages: Turkish.

ADAM J. LEVITT: *admitted*: Illinois; Supreme Court of the United States; U.S. Courts of Appeals for the First, Seventh, and Eighth Circuits; U.S. District Courts for the Northern and Southern Districts of Illinois, Northern District of Indiana, District of Nebraska, District of Colorado, and the Northern and Eastern Districts of Texas. *Education*: Columbia College,

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

Columbia University (A.B., *magna cum laude*, 1990); Northwestern University School of Law (J.D., 1993). *Member:* President, Class Action Trial Lawyers of the National Trial Lawyers; American Law Institute (Members Consultative Groups: Principles of the Law of Aggregate Litigation, the Restatement of the Law (Third) Restitution and Unjust Enrichment, and the Restatement of the Law (Third) Torts: Liability for Economic Loss); Board of Advisors of the American Constitution Society for Law and Policy (Chicago Lawyer Chapter); Seventh Circuit Contributing Editor, *Class Actions & Derivative Suits* (ABA); Consulting Participant: "Calculation of Securities Litigation Damages" (National Association of Public Pension Attorneys, Securities Litigation Damages Calculation Taskforce). *Publications: CAFA and Federalized Ambiguity: The Case for Discretion in the Unpredictable Class Action*, 120 YALE L.J. ONLINE 233 (2011); *Taming the Metadata Beast*, N.Y. LAW JOURNAL, May 16, 2008; *Foreign Investors Serving as Lead Plaintiffs in U.S.-Based Securities Cases*, International Practice Section Newsletter (Association of Trial Lawyers of America, Washington, D.C.), Winter 2004 and Spring 2005; *Proposed Rule 225: A Death Warrant for Class Actions in Illinois*, 93 ILL. B.J. 202 (2005); *The Big Business Wish List: Proposed Illinois Supreme Court Rule 225 and the Demolition of Consumer Rights*, The Class Act (The Newsletter of the National Association of Securities and Consumer Law Attorneys), February 25, 2005; and *An Illinois Lawyer's Guide to Service of Process in Mexico*, 82 ILL. B.J. 434 (1994).





Mr. Levitt has testified before the Illinois Supreme Court Rules Committee on class action practice and related issues. He also speaks nationally on a wide range of topics, including: (a) "Class Actions in Medical Device and Pharmaceutical Litigation," HarrisMartin TVM/Actos Litigation Conference (Miami, January 25, 2012); (b) "Trial Lawyers and Class Actions: Protecting Consumers and Elevating Your Practice," The National Trial Lawyers Trial Lawyers Summit (Miami Beach, January 25, 2012); (c) "Current Developments in Consumer Protection Litigation," Louisiana State Bar Association, 11th Annual Class Action/Mass Tort Symposium (New Orleans, December 9, 2011); (d) "Imprelis Herbicide Litigation Spotlight," HB Litigation Conferences (November 2, 2011); (e) "Multi-State Litigation in the Post-CAFA World," Law Seminars International, Litigating Class Actions Conference, (Chicago, October 24-25, 2011) (Conference Co-Chair); (f) "Ethical Implications of Class Action and Mass Tort Settlements," American Association for Justice, Summer Conference (New York, July 12, 2011); (g) "Modifying Your Approach for Multi-State Class Actions," Law Seminars International, Litigating Class Actions Conference (Seattle, May

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

20, 2011); (h) "Privacy Litigation: The Evolution in Theories and Outcomes," International Association of Privacy Professionals "Privacy Academy" (Boston, September 2009) ; and (i) "Legal Strategies to Fight Negative Effects of Genetic Engineering," 2007 Public Interest Environmental Law Conference (Eugene, March 2007). In recognition of his achievements, Mr. Levitt has been rated "AV" by Martindale-Hubbell, was named one of Avenue Magazine's "Legal Elite,", is an Illinois "Super Lawyer," and is included in the 2011 Lawdragon 500 Leading Lawyers in America.





Substantially all of Mr. Levitt's practice is focused on complex commercial litigation and class action practice on both the trial and appellate court levels, in federal and state courts nationwide, in the areas of securities, antitrust, consumer protection, technology, and agricultural law. Since 1993, Mr. Levitt has served as lead counsel, co-lead counsel, or in other leadership positions in numerous class and other complex litigations throughout the United States that have resulted in recoveries in excess of $1 billion for his clients and other class members. He presently serves as Co-Lead Counsel in *In re Genetically Modified Rice Litigation*, MDL No. 1811 (E.D. Mo.), in which he represents the interests of United States long-grain rice producers seeking to recover damages they sustained resulting from the contamination of the U.S. rice supply with unapproved, genetically-modified rice seed traits. That case settled on July 1, 2011 for $750,000,000. He is also serving as Interim-Co-Lead Counsel in *In re Imprelis Herbicide, Sales Practice and Products Liability Litigation*, MDL No. 2284 (E.D. Pa.), a multidistrict class action lawsuit brought by landowners and landscapers against E.I. DuPont de Nemours and Company seeking to recover damages for tree and other foliage death and other harm caused by DuPont's Imprelis herbicide. In addition to those cases, Mr. Levitt served as Co-Lead Counsel in *In re StarLink Corn Products Liability Litigation*, MDL No. 1403 (N.D. Ill.), where he recovered $110,000,000 on behalf of U.S. corn farmers who sustained market losses resulting from the contamination of the U.S. corn supply with genetically-modified StarLink corn.

In addition, Mr. Levitt is presently serving as Co-Lead Counsel in several other national class action cases, including *In re Reebok Easytone Litigation*, No. 4:10-cv-11977-FDS (D. Mass.), a false advertising consumer class action in which Mr. Levitt and co-counsel achieved a $25 million cash refund settlement for class members; *In re Porsche Cars North America, Inc., Plastic Coolant Tubes Products Liability Litigation*, MDL No. 2233 (S.D. Ohio), a consumer class action concerning defective parts in certain models of the

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP







Porsche Cayenne; *In re ConAgra Foods, Inc.*, MDL No. 2291 (C.D. Cal.), a consumer class action against ConAgra pertaining to its marketing of its Wesson Oil products as being "100% Natural," when they are actually made from genetically-modified plants or genetically-modified organisms; and *In re Sony Gaming Networks and Customer Data Security Breach Litigation*, MDL No. 2258 (S.D. Cal.), a data breach class action arising out of the Sony defendants' alleged negligence leading to a system shutdown and theft of class members' personal information. Mr. Levitt also provides, or has provided legal services to various private companies involving complex litigation and general corporate matters.

**THOMAS H. BURT:** *admitted:* New York; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Michigan. *Education:* American University (B.A., 1993); New York University (J.D., 1997). Articles Editor with New York University Review of Law and Social Change. Mr. Burt is a litigator with a practice concentrated in securities class actions and complex commercial litigation. After practicing criminal defense with noted defense lawyer Jack T. Litman for three years, he joined Wolf Haldenstein, where he has worked on such notable cases as *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y.)(a novel and sweeping amalgamation of over 300 class actions which resulted in a recovery of $586 million); *In re MicroStrategy Securities Litigation*, No. 00-473-A (E.D. Va.)(recovery of $192 million); *In re DRAM Antitrust Litigation*, No. 02-cv-1486 (PJH) (N.D. Cal.) (antitrust case resulting in $315 million recovery); *In re Computer Associates 2002 Class Action Securities Litigation*, No. 02-cv-1226 (TCP) (E.D.N.Y.)(settled, together with a related fraud case, for over $133 million); *K.J. Egleston L.P. v. Heartland Industrial Partners, et al.*, 2:06-13555 (E.D. Mich.)(recovery included personal assets from former Reagan Administration budget director David A. Stockman); and *Parker Friedland v. Iridium World Communications, Ltd.*, 99-1002 (D.D.C.)(recovery of $43.1 million). Mr. Burt has spoken on several occasions to investor and activist groups regarding the intersection of litigation and corporate social responsibility.

**RACHELE R. RICKERT:** *admitted:* California; U.S. District Court for the Southern District of California. *Education:* Point Loma Nazarene College (B.A., 1994); University of California, Hastings College of the Law (J.D., 1997). Member: State Bar of California. Former Deputy Alternate Public Defender for the County of San Diego. Ms. Rickert is located in the firm's

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





San Diego office. She practices corporate derivative and class action litigation including securities, consumer, antitrust, employment and general corporate and business litigation. Ms. Rickert has played a significant role in litigating numerous class and derivative actions, including *In re Apple & AT&TM Antitrust Litigation*, Master File No. C 07-05152 JW (N.D. Cal.) (antitrust class action against Apple Inc. and AT&T Mobility LLC regarding aftermarkets for iPhone wireless service and applications); *Ardon v. City of Los Angeles* (2011) 52 Cal.4th 241 (challenging the City of Los Angeles' telephone users tax on behalf of the City's taxpayers); *DeFrees, et al. v. Kirkland, et al.*, No. CV 11-04272 GAF(SPx) (C.D. Cal.) (shareholder derivative action); *Bamboo Partners LLC, et al. v. Robert Mondavi Corp., et al.* (shareholder class action that settled for $10.8 million in 2007); and *Lewis, et al. v. American Spectrum Realty, Inc., et al.*, (shareholder class action that settled for $6.5 million in 2004).

**STACEY KELLY BREEN:** *admitted:* New York; New Jersey; U.S. District Courts for the Southern and Eastern Districts of New York. *Education:* New York University (B.A., 1997); Rutgers School of Law - Newark (J.D., 2000). Member: New York State Bar Association; New York County Lawyers Association

**MATTHEW GUINEY:** *admitted:* New York. *Education:* The College of William & Mary (B.A. in Government and Economics 1998); Georgetown University Law Center (J.D. 2002).

## OF COUNSEL

**ROBERT ABRAMS:** *admitted:* New York; U.S. Court of Appeals for the Third Circuit; U.S. District Courts for the Southern and Eastern Districts of New York, Eastern District of Missouri, District of Maryland, and District of Delaware. *Education:* Haverford College (B.A., 1961); Columbia University (Ph.D., 1966), Brooklyn Law School (J.D., 1992). Woodrow Wilson Fellow; International Business Law Fellow. Adjunct Professor, Mediation Clinic, Brooklyn Law School, 1983-1984. Mr. Abrams was formerly a Professor of Political Science at Brooklyn College and the Graduate Center of the City University of New York. Member: New York State Bar Association. Mr. Abrams is the author of books on the theory of collective choice (Columbia University Press) and voting theory (Sage), as well as articles on Soviet

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

politics, game theory and bargaining and negotiations. He has focused his practice on complex securities, ERISA, and consumer actions.



He was co-lead counsel in *In re Tyson Foods, Inc.,* before the Delaware Chancery Court, which settled claims of breach of fiduciary duty in connection with related party transactions and spring loading of options for Tyson management.



He is currently active in litigation on behalf of securities brokers, bringing claims for overtime pay and improper deductions from compensation against six major brokerage houses under the federal Fair Labor Standards Act and New York, New Jersey and Connecticut Labor Law. These cases include *Lavoice v. Citigroup Global Markets, Inc.; Basile v. A.G. Edwards, Inc.; Rosenthal v. A.G. Edwards & Sons, Inc.; Palumbo v. Merrill Lynch; Garrison v. Merrill Lynch; Roles v. Morgan Stanley; Lenihan v. Morgan Stanley; Klein v. Ryan Beck;* and *Badain v. Wachovia.*



Mr. Abrams was the firm's primary representative to the executive committee representing NationsBank shareholders in *In re BankAmerica Corp. Sec. Litig.,* which resulted in an award of $490 million to NationsBank and BankAmerica shareholders. He was also co-lead counsel in a New York state consumer protection class action against AT&T Wireless Corp., *Naevus v. AT&T Corp.,* which resulted in an award valued at $40 million for the class members.

**ROBERT B. WEINTRAUB:** *admitted*: New York; Supreme Court of the United States; U.S. Court of Appeals for the Federal and Second Circuits; District of Columbia; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: Syracuse University (B.A., *cum laude*, 1972); Georgetown University Law Center (J.D., 1977). Member: 1975-1977, Articles Editor and Member: Executive Board, 1976-1977, Law and Policy in International Business, *Georgetown International Law Journal*. Assistant Editor, Competition Working Group, "The OECD Guidelines for Multinational Enterprises: A Business Appraisal," 1977. Author, "Law Backs Women Warriors," *National Law Journal*, June 7, 1993. Co-contributor: Chapter 7, "The Celler-Kefauver Act of 1950," 4 *Legislative History of the Federal Antitrust Laws and Related Statutes*, edited by E. Kintner, Chelsea House Publishers, 1980. Mediator, U.S. District Court, Southern District of New York. Member: The Association of the Bar of the City of New York (Member: Committee on Securities Regulation; Council on International

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





Affairs; Chair, 1991-1994 and Member: 1987-1990, Committee on Military Affairs and Justice; International Arms Control and Security Affairs, 1990-1991); and American Bar Association. He has counseled corporations on contract negotiation and antitrust matters, and provided antitrust advice on mergers to the arbitrage department of a major brokerage house. He has served as an arbitrator for the NYSE, the NASD and the Municipal Securities Rulemaking Board and as a mediator for the federal District Court in New York. Mr. Weintraub also previously served as Senior Vice President and General Counsel of a broker-dealer investment bank which is a member of the NYSE, the NASD and other principal exchanges. Mr. Weintraub has particular experience in litigation involving investment firms and broker-dealers.

KATE MCGUIRE: *admitted*: New York; U.S. District Courts for the Southern and Eastern Districts of New York. *Education*: University of California at Santa Cruz (B.A. 1995), Georgetown University Law Center (J.D., 1998); Member: *Georgetown Immigration Law Journal*.

## ASSOCIATES

THEODORE B. BELL: *admitted:* Michigan; Illinois; 7th Circuit Court of Appeals; United States District Courts for the Northern, Central and Southern Districts of Illinois. *Education:* University of Michigan (B.A., 1988); University of Detroit Mercy School of Law (J.D., 1992).

MALCOLM T. BROWN: *admitted:* New York, New Jersey, Pennsylvania, United States District Courts for the Southern and Eastern Districts of New York, District of New Jersey and Eastern District of Pennsylvania. *Education:* University of Pennsylvania (B.A., Political Science 1988) and Rutgers University School of Law (J.D. 1994).

MARTIN RESTITUYO: *admitted:* New York. *Education*: Queens College (B.A., 1998); Hofstra University School of Law (J.D. 2002); Hofstra University, Frank G. Zarb School of Business (M.B.A., Finance, 2005). Mr. Restituyo did postgraduate work at the Universidad Autonoma de Santo Domingo, Santo Domingo, in the Dominican Republic, and studied at Faculte de Droit de l'Universite de Nice, in Nice, France. Mr. Restituyo was the Assistant Town Attorney for North Hempstead, New York (2004-2006), an Adjunct Professor at John Jay College of Criminal Justice (2005), and was

in the Nassau County Department of Economic Development (2002-2004). In 2003, he was awarded the "Distinguished Alumni Award" from Hofstra University's Clinical Program. He is a member of the Nassau County Bar Association, the Women's Bar Association, the Hispanic Bar Association, the Dominican Bar Association and Hofstra University School of Law, Alumni Board.

**JOHN TANGREN:** *admitted:* Illinois, the Northern District of Illinois and the District of Colorado. *Education:* The University of Chicago (A.B., Philosophy and Music, 2000) and the University of Chicago Law School with honors (J.D. 2003) where he was Executive Editor of the University of Chicago Legal Forum. Before joining Wolf Haldenstein, Mr. Tangren practiced complex commercial litigation as an associate in the Chicago office of a large global firm. His primary area of practice is class action litigation.





**PATRICK H. MORAN:** *admitted:* Wisconsin, the United States Court of Appeals for the Seventh Circuit and the United States District Court for the Eastern District of Wisconsin. Education: University of Iowa (B.A. Economics, 1999); Marquette University Graduate School of Business Administration (M.B.A., Accounting, 2004); Marquette University Law School (J.D. 2003), where he was a member of the Marquette University Law Review and published The Federal and Ninth Circuits Square Off: Refusals to Deal and the Precarious Intersection between Antitrust and Patent Law, 87 MARQ. L. REV. 387 (2003). Before joining Wolf Haldenstein, Mr. Moran served as a law clerk to the Hon. John L. Coffey of the United States Court of Appeals for the Seventh Circuit. In addition, Mr. Moran has held positions with a big four accounting firm as an international tax consultant and as an associate for a large securities class action law firm, specializing in litigation concerning mergers and acquisition.

**MICHAEL LISKOW:** *admitted:* California, U.S. District Court for the Northern District of California. *Education:* University of Kansas (B.A., Psychology, 2001); University of Pennsylvania Law School (J.D. 2005), where he was the Symposium Editor of the Journal of Constitutional Law. Before joining Wolf Haldenstein, Mr. Liskow was a clerk for the Honorable Steven H. Levinson of the Supreme Court of Hawaii, and a Fulbright Teaching Assistant to the Slovak Republic.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





**EDMUND S. ARONOWITZ:** *admitted*: New York (2006), U.S. District Court for the Southern District of New York (2008). *Education*: Cornell University (B.A. with honors, History, 2002); Cornell Law School (J.D. with honors, 2005), where he was a Managing Editor of the Cornell Journal of Law and Public Policy and a Bench Editor on the Moot Court Board. Prior to joining Wolf Haldenstein, Mr. Aronowitz served as a law clerk to the Hon. Robert L. Hinkle of the United States District Court for the Northern District of Florida and practiced complex commercial litigation as an associate in the New York office of a large global firm.

**HELENA LYNCH:** *admitted*: New York (2006); United States District Court for the Southern District of New York (2006) and the Eastern District of New York (2011); U.S. Court of Appeals for the Second Circuit. *Education:* State University of New York at Stony Brook (B.A. *magna cum laude*, Phi Beta Kappa, Psychology); New York Law School (J.D., *summa cum laude*, 2005) where she was named a John Marshall Harlan Scholar in international law and served as an Executive Articles Editor on the New York Law School Law Review. Ms. Lynch's practice focuses primarily on securities class action and complex commercial litigation. Before joining the firm, Ms. Lynch was an associate in the New York office of a global law firm where she represented clients in complex multi-district and cross-border litigation and arbitration, with a particular emphasis on securities litigation. From 2007 to 2008, Ms. Lynch served as a law clerk to the Honorable Roger J. Miner, Senior Judge, United States Court of Appeals for the Second Circuit.

**ALAN D. WEISS:** *admitted:* Florida (1994); United States District Court for the Southern District of Florida. *Education*: Tufts University (B.A., economics, 1985; M.A., economics 1988); University of Miami School of Law (J.D. 1993). Prior to joining the firm, Mr. Weiss was a Vice President and Financial Advisor for a major Wall Street brokerage firm. Previously, Mr. Weiss ran his own broker-dealer where he was an options trader for eight years and through which he would become the portfolio manager of an options arbitrage based hedge fund. Mr. Weiss started his law career in Hollywood, Florida where he represented investors who were harmed by fraudulent or unsuitable investments, against major Wall Street

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

brokerage firms. His primary area of practice is securities class action litigation.





**LYDIA A. KEANEY:** *admitted:* New York (2008), United States District Court for the Southern District of New York (2009). *Education:* Temple University (B.A. *magna cum laude*, Phi Beta Kappa, English, 2004); University of Pennsylvania Law School (J.D. 2007), where she was a Production Editor of the University of Pennsylvania Journal of Constitutional Law. Prior to joining Wolf Haldenstein, Ms. Keaney was an associate at SNR Denton US LLP, where her practice focused on complex commercial litigation with an emphasis on class actions. She also has experience in commercial arbitrations, constitutional law, and appellate practice.

**BETH LANDES:** *admitted:* New York (2011). *Education:* Connecticut College (B.A., Philosophy, 2005); Duke University Law School (J.D., 2010). Ms. Landes' primary areas of focus are securities, derivative and ERISA litigation.

**MAJA LUKIC:** *admitted:* New York (2011). *Education:* Memorial University of Newfoundland (B.F.A., Theater, 2007); Cornell Law School (J.D. 2010), where she served as an Articles Editor on the Cornell Law Review.





## WOLF HALDENSTEIN PARTNERS WHO REGULARLY PROVIDE THEIR NON-LITIGATION EXPERTISE TO CLASS ACTION LITIGATION MATTERS

**CHARLES H. BALLER:** *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1954); Columbia University (LL.B., 1957); New York University (L.L.M., Taxation, 1962). Beta Gamma Sigma; Beta Alpha Psi. Harlan Fiske Stone Scholar. Co-Editor and Contributing Author, April, 1981, with 1986 Supplement, *Business Acquisitions*, Practicing Law Institute. Member: The Association of the Bar of the City of New York; New York State and American Bar Associations. Mr. Baller has worked in the office of Chief Counsel, Internal Revenue Service (Interpretative Division). A lecturer and author for the Practicing Law Institute (co-editor of the reference work *Business Acquisitions: Planning and Practice*), Mr. Baller is a corporate and tax attorney with extensive expertise in mergers and acquisitions, complex estate planning (particularly relating to corporate and business holdings), and employee benefits and compensation, including ERISA.

**ERIC B. LEVINE:** *admitted*: New York; U.S. Courts of Appeals for the Second and Eleventh Circuits; U.S. District Courts for the Southern and Eastern Districts of New York, and Eastern District of Michigan; U.S. Tax Court. *Education*: State University of New York at Buffalo (B.A., *summa cum laude*, 1974); University of Pennsylvania (J.D., *cum laude*, 1977). Order of the Coif, Phi Beta Kappa. Associate Editor, *University of Pennsylvania Law Review*, 1976-1977. Member: The Association of the Bar of the City of New York; New York State Bar Association. Mr. Levine's practice focuses on complex commercial and civil litigation, including in the area of bankruptcy and receivership litigation, creditors' rights, and lender liability.

**MARK C. SILVERSTEIN:** *admitted*: New York. *Education*: State University of New York at Binghamton (B.S., *summa cum laude*, 1980); New York University (J.D., *cum laude*, 1983). Order of the Coif. Editor, Journal of International Law and Politics, 1982-1983. Member: the Association of the Bar of the City of New York; New York State; American Bar Associations. Mr. Silverstein serves as general counsel to corporations and handles matters involving tax planning and mergers and acquisitions. He also provides counseling in the structure of complex settlements and the administration of complex claims administrations.

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





ELI D. GREENBERG: *admitted*: New York. *Education*: New York University (B.S., *magna cum laude*, 1981). New York University (J.D., 1984). Beta Gamma Sigma. Lecturer, New York University. Member: American Health Lawyers Association. Mr. Greenberg has extensive experience in pension, tax, benefits, and ERISA.

## SUBSTANTIAL RECOVERIES OBTAINED IN REPRESENTATIVE PAST CLASS ACTION CASES IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

- *In re Initial Public Offering Securities Litigation*, 21 MC 92 (SAS) (S.D.N.Y.)(class recovered $586 million).

- *In re BankAmerica Corp. Securities Litigation*, MDL Docket No. 1264 (JFN) (E.D. Mo.) (class recovered $490 million).

- *In re Dynamic Random Access Memory Antitrust Litigation*, (MD-02 1486 (N.D. Cal.) (class recovered $325 million).

- *In re MicroStrategy, Inc. Securities Litigation*, Civ. No. 00-473-A (E.D. Va.) (class recovered $160 million in cash and securities).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373, 94 Civ. 2546 (S.D.N.Y.) (securities fraud) (class recovered $116.5 million in cash).

- *In re Starlink Corn Products Liability Litigation*, (N.D. Ill.) (class recovered $110 million).

- *In Computer Associates 2002 Class Action Sec. Litigation*, 2:02-CV-1226 (E.D.N.Y.) ($130 million settlement in this and two related actions).

- *In re Sepracor Inc. Securities Litigation, Civ. No.* 02-12338 (MEL) (D. Mass.) (classes recovered $52.5 million).

- *In re Transkaryotic Therapies, Inc., Securities Litigation*, C.A. No. 03-10165-RWZ (D. Mass) (class recovered $50 million).

- *In re Iridium Securities Litigation*, C.A. No. 99-1002 (D.D.C.) (class recovered $43 million).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Merrill Lynch & Co., Inc. Global Technology Fund Securities Litigation*, 02 CV 7854 (JFK) (SDNY); and *In re Merrill Lynch & Co., Inc. Focus Twenty Fund Securities Litigation*, 02 CV 10221 (JFK) (SDNY) (class recovered $39 million in combined cases).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation*, No. 6:04-cv-1231 (Orl-31) (class recovered $35 million, and lawsuit also instrumental in $225 million benefit to corporation).

- *In re Cablevision Systems Corp. Shareholder Derivative Litigation*, Master File No. 06-CV-4130-DGT-AKT $34.4 million recovery).

- *In re Monster Worldwide, Inc. Stock Option Derivative Litigation*, Master File No. 06cv4622 (S.D.N.Y.) ($32 million recovery and corporate governance reforms).

- *Berger v. Compaq Computer Corp.*, Docket No. 98-1148 (S.D. Tex.) (class recovered $29 million).

- *In re Arakis Energy Corporation Securities Litigation*, 95 CV 3431 (E.D.N.Y.) (class recovered $24 million in cash).

- *In re E.W. Blanche Holdings, Inc. Securities Litigation*, Civ. No. 01-258 (D. Minn.) (class recovered $20 million).

- *In re Globalstar Securities Litigation*, Case No. 01-CV-1748 (SHS) (S.D.N.Y.) (class recovered $20 million).

- *In re Luxottica Group S.p.A. Securities Litigation*, No. CV 01-3285 (E.D.N.Y) (class recovered $18.25 million).

- *In re Musicmaker.com Securities Litigation*, CV-00-2018 (C.D. Cal.) (class recovered $13.75 million).

- *In re Comdisco Securities Litigation*, No. 01 C 2110 (MIS) (N.D. Ill.) (class recovered $13.75 million).

- *In re Acclaim Entertainment, Inc., Securities Litigation*, C.A. No. 03-CV-1270 (E.D.N.Y.) (class recovered $13.65 million).

- *In re Concord EFS, Inc. Securities Litigation*, No. 02-2097 (MA) (W.D. Tenn) (class recovered $13.25 million).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Bausch & Lomb, Inc. Securities Litigation,* 01 Civ. 6190 (CJS) (W.D.N.Y.) (class recovered $12.5 million).

- *In re Allaire Corp. Securities Litigation,* 00-11972 (D. Mass.) (class recovered $12 million).

- *Bamboo Partners LLC v. Robert Mondavi Corp.,* No. 26-27170 (Cal. Sup. Ct.) (class recovered $10.8 million).

- *Curative Health Services Securities Litigation,* 99-2074 (E.D.N.Y.) (class recovered $10.5 million).

- *City Partnership Co. v. Jones Intercable,* 99 WM-1051 (D. Colo.) (class recovered $10.5 million).

- *In re Aquila, Inc.,* (ERISA Litigation), 04-865 (W.D. Mo.) ($10,500,000 recovery for the class).

- *In re Tenfold Corporation Securities Litigation,* 2:00-CV-652 (D. Utah) (class recovered $5.9 million).

- *In re Realogy Corp. Shareholder Litigation,* No. 2621-N (Del. Ch.).

- *In re Industrial Gas Antitrust Litigation,* 80 C 3479 and related cases (N.D. Ill.) (class recovered $50 million in cash and coupons).

- *In re Chor-Alkalai and Caustic Soda Antitrust Litigation,* 86-5428 and related cases (E.D. Pa.) (class recovered $55 million).

- *In re Infant Formula Antitrust Litigation,* MDL No. 878 (N.D. Fla.) (class recovered $126 million).

- *In re Brand Name Prescription Drugs Antitrust Litigation,* No. 1:94-cv-00897, M.D.L. 997 (N.D. Ill.) (class recovered $715 million).

- *Landon v. Freel,* M.D.L. No. 592 (S.D. Tex.) (class recovered $12 million).

- *Holloway v. Peat, Marwick, Mitchell & Co.,* No. 84 C 814 EU (N.D. Okla.) (class recovered $38 million).

- *In re The Chubb Corp.* Drought Insurance Litigation, C-1-88-644 (S.D. Ohio) (class recovered $100 million.).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *Wong v. Megafoods*, Civ-94-1702 (D. Ariz.) (securities fraud) (class recovered $12.25 million).

- *In re Del Val Financial Corp. Securities Litigation*, 92 Civ 4854 (S.D.N.Y.) (class recovered $11.5 million).

- *In re Home Shopping Network Shareholders Litigation*, Consolidated Civil Action No. 12868, (Del. Ch. 1995) (class recovered $13 million).

- *In re Paine Webber Limited Partnerships Litigation*, 94 Civ 8547 (S.D.N.Y.) (class recovered $200 million).

- *In re Bristol-Meyers Squibb Co. Securities Litigation*, 92 Civ 4007 (S.D.N.Y.) (class recovered $19 million).

- *In re Spectrum Information Technologies Securities Litigation*, CV 93-2245 (E.D.N.Y.) (class recovered $13 million).

- *In re Chase Manhattan Securities Litigation*, 90 Civ. 6092 (LJF) (S.D.N.Y.) (class recovered $17.5 million).

- *Prostic v. Xerox Corp.*, No. B-90-113 (EBB) (D. Conn.) (class recovered $9 million).

- *Steiner v. Hercules*, Civil Action No. 90-442-RRM (D. Del.) (class recovered $18 million).

- *In re Ambase Securities Litigation*, 90 Civ 2011 (S.D.N.Y.) (class recovered $14.6 million).

- *Steiner v. Phillips (In re Southmark Securities Litigation)*, CA No. 3-89-1402-D (N.D. Tex.) (class recovered $70 million).

- *Steiner v. Ideal Basic Industries, Inc.*, No. 86-M 456 (D. Colo. 1989) (securities fraud) (class recovered $18 million).

- *Tucson Electric Power Derivative Litigation*, 2:89 Civ. 01274 TUC. ACM (corporation recovered $30 million).

- *Alleco Stockholders Litigation*, (Md. Cir. Ct. Pr. Georges County) (class recovered $16 million).



- *In re Revlon Group, Inc. Shareholders Litigation*, No. 8362 (Del. Ch.) (class recovered $30 million).

- *In re Taft Broadcasting Company Shareholders Litigation*, No. 8897 (Del. Ch.) (class recovered $20 million).

- *In re Southland Corp. Securities Litigation*, No. 87-8834-K (N.D.Tex.) (class recovered $20 million).



- *In re Crocker Bank Securities Litigation*, CA No. 7405 (Del. Ch.) (class recovered $30 million).



- *In re Warner Communications Securities Litigation*, No. 82 Civ. 8288 (JFK) (S.D.N.Y.) (class recovered $17.5 million).

- *Joseph v. Shell Oil*, CA No. 7450 (Del. Ch.) (securities fraud) (class recovered $200 million).

- *In re Flight Transportation Corp. Securities Litigation*, Master Docket No. 4-82-874, MDL No. 517 (D. Minn.) (class recovered $50 million.).

- *In re Whittaker Corporation Securities Litigation*, CA000817 (Cal. Super. Ct., Los Angeles County) (class recovered $18 million).

- *Naevus International, Inc. v. AT&T Corp.*, C.A. No. 602191/99 (N.Y. Sup. Ct.) (consumer fraud) (class recovered $40 million).

- *Sewell v. Sprint PCS Limited Partnership*, C.A. No. 97-188027/CC 3879 (Cir. Ct. for Baltimore City) (consumer fraud) (class recovered $45.2 million).

- *In re Vytorin/Zetia Marketing, Sales Practices and Products Liability Litigation*, 2:08-cv-285 (D.N.J.) (class recovered $41.5 million).

## REPRESENTATIVE REPORTED OPINIONS SINCE 1990 IN WHICH WOLF HALDENSTEIN WAS LEAD COUNSEL OR HAD ANOTHER SIGNIFICANT ROLE

### FEDERAL APPEALS COURT OPINIONS

- *See Messner v. Northshore University HealthSystem*, ___ F.3d ___, No. 10-2514 (7th Cir. Jan. 13, 2012).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Text Message Antitrust Litigation*, 630 F.3d, 622 (7th Cir. 2010).

- *Harzewski v. Guidant Corp.*, 489 F.3d 799 (7th Cir. 2007).

- *In re Pharmatrak, Inc. Privacy Litig.*, 2003 U.S. App. LEXIS 8758 (1st Cir. May 9, 2003).

- *Berger v. Compaq Computer Corp.*, 257 F.3d 475 (2001), clarified, 279 F.3d 313 (5th Cir. 2002).

- *In re Bankamerica Corp. Securities Litigation*, 263 F.3d 795 (8th Cir. 2001).

- *Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998).

- *Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).

- *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998).

- *Brown v. Radica Games (In re Radica Games Securities Litigation)*, No. 96-17274, 1997 U.S. App. LEXIS 32775 (9th Cir. Nov. 14, 1997).

- *Robbins v. Koger Properties*, 116 F.3d 1441 (11th Cir. 1997).

- *In re Painewebber Inc. Limited Partnerships Litigation*, 94 F.3d 49 (2d Cir. 1996).

- *Glassman v. Computervision Corp.*, 90 F.3d 617 (1st Cir. 1996).

- *Alpern v. Utilicorp United, Inc.*, 84 F.3d 1525 (8th Cir. 1996).

- *Shaw v. Digital Equipment Corp.*, 82 F.3d 1194 (1st Cir. 1996).

- *Riley v. Simmons*, 45 F.3d 764 (3d Cir. 1995).

- *Stepak v. Addison*, 20 F.3d 398 (11th Cir. 1994).

- *County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295 (2d Cir. 1990).

## FEDERAL DISTRICT COURT OPINIONS

- *Schoenbaum v. E.I. Dupont De Nemours and Co.*, 2007 WL 2768383 (E.D. Mo. Sept. 20, 2007).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *Jeffries v. Pension Trust Fund,* 99 Civ. 4174 (LMM), 2007 U.S. Dist. LEXIS 61454 (S.D.N.Y. Aug. 20, 2007).

- *Klein v. Ryan Beck,* 06-Civ. 3460 (WCC), 2007 U.S. Dist. LEXIS 51465 (S.D.N.Y. July 13, 2007).

- *Cannon v. MBNA Corp.* No. 05-429 GMS, 2007 U.S. Dist. LEXIS 48901 (D. Del. 2007).

- *In re Aquila ERISA Litig.,* 237 F.R.D. 202 (W.D. Mo. 2006).

- *Smith v.* Aon Corp., 238 F.R.D. 609 (N.D. Ill. 2006).

- *In re Sepracor Inc. Securities Litigation,* 233 F.R.D. 52 (D. Mass. 2005).

- *In re Transkaryotic Therapies, Inc. Securities Litigation,* No. 03-10165, 2005 U.S. Dist. LEXIS 29656 (D. Mass. Nov. 28, 2005).

- *In re Luxottica Group, S.p.A. Securities Litigation,* 2005 U.S. Dist. LEXIS 9071 (E.D.N.Y. May 12, 2005).

- *In re CNL Hotels & Resorts, Inc. Securities Litigation,* 2005 U.S. Dist. LEXIS 38876, No. 6:04-cv-1231-Orl-31KRS (M.D. Fla. May 9, 2005).

- *Johnson v. Aegon USA, Inc.,* 1:01-CV-2617 (N.D. Ga. Sept. 20, 2004).

- *Freeland v. Iridium World Communications, Ltd.,* 99-1002 (D.D.C. Aug. 31, 2004).

- *In re Acclaim Entertainment, Inc. Securities Litigation,* 03-CV-1270 (E.D.N.Y. June 22, 2004).

- *In re Sepracor Inc. Securities Litigation,* 308 F. Supp. 2d 20 (D. Mass. 2004).

- *In re Concord EFS, Inc. Securities Litigation,* No. 02-2697 (W.D. Tenn. Jan. 7, 2004).

- *In re Enterprise Mortgage Acceptance Co., LLC, Sec. Litig.,* 02-Civ. 10288 (SWK) (S.D.N.Y. Nov. 5, 2003).

- *In re PerkinElmer, Inc. Securities Litigation,* 286 F. Supp. 2d 46 (D. Mass. 2003).







WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP







- *In re Initial Public Offering Securities Litigation*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003).

- *In re Comdisco Securities Litigation*, No. 01 C 2110, 2003 U.S. Dist. LEXIS 5047 (N.D. Ill. Mar. 31, 2003).

- *City Partnership Co. v. Cable TV Fund 14-B*, 213 F.R.D. 576 (D. Colo. 2002).

- *In re Allaire Corporation Securities Litigation*, Docket No. 00-11972 - WGY, 2002 U.S. Dist. LEXIS 18143 (D. Mass., Sept. 27, 2002).

- *In re StarLink Corn Products Liability Litigation*, 212 F.Supp.2d 828 (N.D. Ill. 2002)

- *In re Comdisco Securities Litigation*, 166 F.Supp.2d 1260 (N.D. Ill. 2001).

- *In re Crossroads Systems, Inc. Securities Litigation*, Master File No. A-00-CA-457 JN, 2001 U.S. Dist. LEXIS 14780 (W.D. Tx. Aug. 15, 2001).

- *In re MicroStrategy, Inc. Securities Litigation*, 150 F. Supp. 2d 896 (E.D. Va. 2001).

- *Lindelow v. Hill*, No. 00 C 3727, 2001 U.S. Dist. LEXIS 10301 (N.D. Ill. July 19, 2001).

- *In re MicroStrategy, Inc. Securities Litigation*, 148 F. Supp. 2d 654 (E.D. Va. 2001).

- *Jeffries v. Pension Trust Fund of the Pension, Hospitalization & Benefit Plan of the Electrical Industry*, 172 F. Supp. 2d 389 (S.D.N.Y. 2001).

- *Carney v. Cambridge Technology Partners, Inc.*, 135 F. Supp. 2d 235 (D. Mass. 2001).

- *Weltz v. Lee*, 199 F.R.D. 129 (S.D.N.Y. 2001).

- *Schoers v. Pfizer, Inc.*, 00 Civ. 6121, 2001 U.S. Dist. LEXIS 511 (S.D.N.Y. Jan. 23, 2001).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP







- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 2001 U.S. Dist. LEXIS 83 (S.D.N.Y. Jan. 9, 2001).

- *Goldberger v. Bear, Stearns & Co.*, 98 Civ. 8677 (JSM), 2000 U.S. Dist. LEXIS 18714 (S.D.N.Y. Dec. 28, 2000).

- *In re Newell Rubbermaid, Inc., Securities Litigation,* Case No. 99 C 6853, 2000 U.S. Dist. LEXIS 15190 (N.D. Ill. Oct. 2, 2000).

- *Stanley v. Safeskin Corp.*, Case No. 99 CV 454 BTM (LSP), 2000 U.S. Dist. LEXIS 14100, Fed. Sec. L. Rep. (CCH) P91, 221 (S.D. Cal. Sept. 18, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 115 F. Supp. 2d 620 (E.D. Va. 2000).

- *In re USA Talks.com, Inc. Securities Litigation,* 2000 U.S. Dist. LEXIS 14823, Fed. Sec. L. Rep. (CCH) P91, 231 (S.D. Cal. Sept. 14, 2000).

- *In re Sotheby's Holdings, Inc. Securities Litigation,* 00 CIV. 1041 (DLC), 2000 U.S. Dist. LEXIS 12504, Fed. Sec. L. Rep. (CCH) P91, 059 (S.D.N.Y. Aug. 31, 2000).

- *Dumont v. Charles Schwab & Co., Inc.,* Civil Action No. 99-2840 2000 U.S. Dist. LEXIS 10906 (E.D. La. July 21, 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21424 (S.D. Tex. July 17, 2000).

- *In re BankAmerica Corp. Securities Litigation*, 95 F. Supp. 2d 1044 (E.D. Mo. 2000).

- *In re Carnegie International Corp. Securities Litigation,* 107 F. Supp. 2d 676 (D. Md. 2000).

- *Berger v. Compaq Computer Corp.*, Civil Action No. H-98-1148, 2000 U.S. Dist. LEXIS 21423 (S.D. Tex. Mar. 13, 2000).

- *In re Imperial Credit Industries Securities Litigation*, CV 98-8842 SVW, 2000 U.S. Dist. LEXIS 2340 (C.D. Cal. Feb. 23, 2000).

- *Sturm v. Marriott Marquis Corp.*, 85 F. Supp. 2d 1356 (N.D. Ga. 2000).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *In re Health Management Systems Securities Litigation*, 82 F. Supp. 2d 227 (S.D.N.Y. 2000).

- *Dumont v. Charles Schwab & Co., Inc.*, Civil Action No. 99-2840, 2000 U.S. Dist. LEXIS 619 (E.D. La. Jan. 19, 2000).

- *In re MicroStrategy, Inc. Securities Litigation*, 110 F. Supp. 2d 427 (E.D. Va. 2000).

- *In re BankAmerica Corp. Securities Litigation*, 78 F. Supp. 2d 976 (E.D. Mo. 1999).

- *Kurzweil v. Philip Morris Cos.*, 94 Civ. 2373 (MBM), 1999 U.S. Dist. LEXIS 18378 (S.D.N.Y. Nov. 24, 1999).

- *In re Nanophase Technologies Corp. Litigation*, 98 C 3450, 1999 U.S. Dist. LEXIS 16171 (N.D. Ill. Sept. 27, 1999).

- *In re Clearly Canadian Securities Litigation*, File No. C-93-1037-VRW, 1999 U.S. Dist. LEXIS 14273 Cal. Sept. 7, 1999).

- *Yuan v. Bayard Drilling Technologies, Inc.*, 96 F. Supp. 2d 1259 (W.D. Okla. 1999).

- *In re Spyglass, Inc. Securities Litigation*, No. 99 C 512, 1999 U.S. Dist. LEXIS 11382 (N.D. Ill. July 20, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 11595 (N.D. Ga. June 30, 1999).

- *Blue Cross & Blue Shield of N.J., Inc. v. Philip Morris, Inc.*, 98 CV 3287, 1999 U.S. Dist. LEXIS 11363 (E.D.N.Y. June 1, 1999).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, Fed. Sec. L. Rep. (CCH) P90, 429 (N.D. Ga. Jan. 19, 1999).

- *Longman v. Food Lion, Inc.*, 186 F.R.D. 331 (M.D.N.C. 1999).

- *Walsingham v. Biocontrol Technology, Inc.*, 66 F. Supp. 2d 669 (W.D. Pa. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *Sturm v. Marriott Marquis Corp.*, 26 F. Supp. 2d 1358 (N.D. Ga. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 27 F. Supp. 2d 1324 (N.D. Ga. 1998).

- *In re MobileMedia Securities Litigation*, 28 F.Supp.2d 901 (D.N.J. 1998).

- *Weikel v. Tower Semiconductor, Ltd.*, 183 F.R.D. 377 (D.N.J. 1998).

- *In re Health Management Systems Securities Litigation*, 97 Civ. 1865 (HB), 1998 U.S. Dist. LEXIS 8061 (S.D.N.Y. May 27, 1998).

- *In re Painewebber Ltd. Partnership Litigation*, 999 F. Supp. 719 (S.D.N.Y. 1998).

- *Carley Capital Group v. Deloitte & Touche, L.L.P.*, 1:97-cv-3183-TWT, 1998 U.S. Dist. LEXIS 23222 (N.D. Ga. Feb. 10, 1998).

- *In re TCW/DW North American Government Income Trust Securities Litigation*, 95 Civ. 0167 (PKL), 1997 U.S. Dist. LEXIS 18485 (S.D.N.Y. Nov. 20, 1997).

- *Wright v. Ernst & Young, LLP*, 97 Civ. 2189 (SAS), 1997 U.S. Dist. LEXIS 13630 (S.D.N.Y. Sept. 9, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23646 (C.D. Ill. July 7, 1997).

- *Felzen v. Andreas*, No. 95-2279, 1997 U.S. Dist. LEXIS 23647 (C.D. Ill. July 7, 1997).

- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.*, 964 F. Supp. 147 (S.D.N.Y. 1997).

- *Kurzweil v. Philip Morris Companies*, 94 Civ. 2373 (MBM), 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 8, 1997).

- *Bobrow v. Mobilmedia, Inc.*, Civil Action No. 96-4715, 1997 U.S. Dist. LEXIS 23806 (D.N.J. March 31, 1997).

- *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D. 200 (N.D.Tex. 1997).





WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

- *In re Painewebber Ltd. Partnerships Litigation,* 171 F.R.D. 104 (S.D.N.Y. 1997).



- *A. Ronald Sirna, Jr., P.C. Profit Sharing Plan v. Prudential Securities, Inc.,* 95 Civ. 8422 (LAK), 1997 U.S. Dist. LEXIS 1226 (S.D.N.Y. Feb. 7, 1997).



- *Dresner Co. Profit Sharing Plan v. First Fidelity Bank, N.A.,* 95 Civ. 1924 (MBM), 1996 U.S. Dist. LEXIS 17913 (S.D.N.Y. Dec. 3, 1996).



- *Simon v. American Power Conversion Corp.,* 945 F. Supp. 416 (D.R.I. 1996).

- *TII Industries, Inc.,* 96 Civ. 4412 (SAS), 1996 U.S. Dist. LEXIS 14466 (S.D.N.Y. Oct. 1, 1996).

- *In re TCW/DW North American Government Income Trust Securities Litigation,* 941 F. Supp. 326 (S.D.N.Y. Oct. 1, 1996).

- *In re Painewebber Ltd. Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 9195 (S.D.N.Y. June 28, 1996).

- *In re Tricord Systems, Inc., Securities Litigation,* Civil No. 3-94-746, 1996 U.S. Dist. LEXIS 20943 (D. Minn. April 5, 1996).

- *In re Painewebber Limited Partnership Litigation,* 94 Civ. 8547 (SHS), 1996 U.S. Dist. LEXIS 1265 (S.D.N.Y. Feb. 6, 1996).

- *Zitin v. Turley,* [1991 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 96,123 (D. Ariz. June 20, 1994).

- In re Southeast Hotel Properties Limited Partnership Investor Litigation, 151 F.R.D. 597 (W.D.N.C. 1993).

## STATE COURT OPINIONS

- *Ardon v. City of Los Angeles,* 52 Cal.4th 241 (2011).

- *In re Tyson Foods, Inc., Consolidated Shareholder Litigation,* 919 A. 2d 563 (Del. Ch. 2007).

- *Naevus Int'l v. AT&T Corp.,* 283 A.D.2d 171, 724 N.Y.S.2d 721 (2001).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP





- *Paramount Communications, Inc. v. QVC Network, Inc.*, 637 A.2d 34 (Del. Super. Ct. 1994).

- *In re Western National Corp. Shareholders Litigation,* Consolidated C.A. No. 15927, 2000 Del. Ch. LEXIS 82 (May 22, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 2000 Del. Ch. LEXIS 90 (May 5, 2000).

- *In re Cencom Cable Income Partners, L.P. Litigation,* Consolidated C.A. No. 14634, 2000 Del. Ch. LEXIS 10 (Jan. 27, 2000).

- *In re Marriott Hotels Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 2000 Del. Ch. LEXIS 17 (Jan. 24, 2000).

- *Romig v. Jefferson-Pilot Life Insurance Company,* 132 N.C. App. 682, 513 S.E.2d 598 (Ct. App. 1999), *aff'd,* 351 N.C. 349, 524 S.E.2d 804 (N.C. 2000).

- *Wallace v. Wood,* 752 A.2d 1175 (Del. Ch. 1999).

- *Greenwald v. Batterson,* C.A. No. 16475, 1999 Del. Ch. LEXIS 158 (July 26, 1999).

- *Brown v. Perrette,* Civil Action No. 13531, 1999 Del. Ch. LEXIS 92 (May 18, 1999).

- *In re Cencom Cable Income Partners, L.P. Litigation,* C.A. No. 14634, 1997 Del. Ch. LEXIS 146 (Oct. 15, 1997).

- *In re Marriott Hotel Properties II Limited Partnership Unitholders Litigation,* Consolidated C.A. No. 14961, 1997 Del. Ch. LEXIS 128 (Sept. 17, 1997).

- *In re Cheyenne Software Shareholders Litigation,* Consolidated C.A. No. 14941, 1996 Del. Ch. LEXIS 142 (Nov. 7, 1996).

- *Seinfeld v. Robinson,* 246 A.D.2d 291, 676 N.Y.S.2d 579 (N.Y. 1998).

- *Werner v. Alexander,* 130 N.C. App. 435, 502 S.E.2d 897 (N.C. Ct. App. 1998).

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

## NON-DISCRIMINATION POLICIES





Wolf Haldenstein does not discriminate or tolerate harassment against any employee or applicant because of race, creed, color, national origin, sex, age, disability, marital status, sexual orientation, or alienage or citizenship status and designs its hiring practices to ensure that minority group members and women are afforded equal employment opportunities without discrimination. The Firm is in compliance with all applicable Federal, State, County, and City equal employment opportunity laws.

Wolf Haldenstein is proud of its long history of support for the rights of, and employment opportunities for, women, the disadvantaged, and minority group persons, including the participation in civil rights and voter registration activities in the South in the early 1960's by partners of the Firm; the part-time employment of disadvantaged youth through various public school programs; the varied *pro bono* activities performed by many of the Firm's lawyers; the employment of many women and minority group persons in various capacities at the Firm, including at the partner level; the hiring of ex-offenders in supported job training programs; and the use of minority and women-owned businesses to provide services and supplies to the Firm.

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 MADISON AVENUE
NEW YORK, NY 10016
TELEPHONE: 212-545-4600
TELECOPIER: 212-545-4653
WWW.WHAFH.COM

| | |
|---|---|
| SYMPHONY TOWERS | 55 WEST MONROE STREET |
| 750 B STREET, SUITE 2770 | SUITE 1111 |
| SAN DIEGO, CA 92101 | CHICAGO, IL 60603 |
| TELEPHONE: 619-239-4599 | TELEPHONE: 312-984-0000 |
| TELECOPIER: 619-234-4599 | TELECOPIER: 312-984-0001 |

WOLF
HALDENSTEIN
ADLER FREEMAN
& HERZ LLP

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THERESA MONTURANO,<br>Derivatively on Behalf of Nominal<br>Defendant GROUPON, INC.,<br><br>     Plaintiff,<br><br>  v.<br><br>ERIC LEFKOFSKY, PETER BARRIS,<br>KEVIN EFRUSY, MELLODY HOBSON,<br>BRAD KEYWELL, TED LEONSIS,<br>ANDREW MASON, and HOWARD<br>SCHULTZ,<br><br>     Defendants,<br><br>  and<br><br>GROUPON, INC.,<br><br>     Nominal Defendant. | No. 12-cv-02507<br><br>Judge Joan H. Lefkow |

**[PROPOSED] PRETRIAL ORDER NO. 1 CONSOLIDATING
DERIVATIVE ACTIONS AND APPOINTING LEAD
PLAINTIFF AND CO-LEAD ERISA COUNSEL**

WHEREAS, Plaintiff Theresa Monturano has alleged, among other things, that the individual

defendants Eric Lefkofsky, Peter Barris, Kevin Efrusy, Mellody Hobson, Brad Keywell, Ted Leonsis,

Andrew Mason, and Howard Schultz, breached their fiduciary duties to Groupon, Inc. ("Groupon")

and its shareholders; and

WHEREAS, there are multiple derivative actions against Groupon presently pending before

1

the Court;

NOW THEREFORE, IT IS HEREBY ORDERED as follows:

1.  The derivative actions shall be consolidated.

2.  Theresa Monturano is appointed Lead Plaintiff in the consolidated derivative action.

3.  Plaintiff's' selection of Co-Lead Counsel for the derivative actions is approved.  The law firms of Wechsler Harwood LLP and Wolf Haldenstein Adler Freeman & Herz LLP are appointed Co-Lead Counsel. The law firm of Miller Law LLC is appointed Liaison Counsel.

4.  Co-Lead Counsel shall have authority to speak for Plaintiffs in matters regarding pretrial and trial procedures, and shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Additionally, Co-Lead Counsel shall have the following responsibilities:

> a.  to brief and argue motions and file opposing briefs in proceedings initiated by other parties;
>
> b.  to initiate and conduct discovery;
>
> c.  to act as spokesperson at court conferences and hearings;
>
> d.  to consult with and call meetings of plaintiffs' counsel when they deem it appropriate;
>
> e.  to consult with and employ experts;
>
> f.  to negotiate with and enter into agreements with defendants' counsel with respect to settlement and other matters; and
>
> g.  to perform such other duties as they deem necessary, or as may be expressly authorized by further order of the Court.

2

5.     Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of Plaintiffs and for disseminating notices and orders of this Court.

6.     No motion, application or request for discovery shall be served or filed, or other pretrial proceedings initiated, on behalf of Plaintiffs, except through Co-Lead Counsel.

7.     All notices, proposed orders, pleadings, motions, discovery, and memoranda shall be served upon Plaintiffs by service upon Co-Lead Counsel.

8.     Co-Lead Counsel shall be available and responsible for communications to and from this Court. Co-Lead Counsel shall be responsible for the creation and maintenance of a master service list of all parties and their respective counsel.

9.     Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Plaintiffs, and such agreements shall be binding on Plaintiffs.

10.     When a case that arises out of the same operative facts as the derivative action is hereinafter filed or transferred to this Court, it shall be consolidated with this derivative action and the Clerk of Court shall:

    a.     File a copy of this Order in the separate file for such action;

    b.     Mail a copy of this Order to the attorneys for the plaintiff in the newly-filed or transferred action and to any new defendant in the newly-filed or transferred action; and

    c.     Make the appropriate docket entry.

The Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case that might be properly considered part of the derivative action.

**SO ORDERED:**

_____

3

Joan H. Lefkow
United States District Judge

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Marvin A. Miller, one of the attorneys for plaintiffs, hereby certify that on May 4, 2012, service of the foregoing document was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.


*/s/ Marvin A. Miller*
Marvin A. Miller