IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THERESA MONTURANO, Derivatively on Behalf of Nominal Defendant GROUPON, INC., | ) ) ) ) | No.   12-cv-02507 |
| Plaintiff, | ) ) ) | Judge Joan H. Lefkow |
| v. | ) ) | |
| ERIC LEFKOFSKY, PETER BARRIS, KEVIN EFRUSY, MELLODY HOBSON, BRAD KEYWELL, TED LEONSIS, ANDREW MASON, and HOWARD SCHULTZ, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) ) | |
| and | ) ) | |
| GROUPON, INC., | ) ) ) | |
| Nominal Defendant. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
ENTRY OF PRETRIAL ORDER NO. 1 AND
CONSOLIDATING DERIVATIVE ACTIONS APPOINTING
LEAD PLAINTIFF AND CO-LEAD DERIVATIVE COUNSEL**

Plaintiff Theresa Monturano respectfully submits this memorandum in support of the entry of proposed Pretrial Order No. 1 consolidating the derivative actions and appointing Lead Plaintiff and Co-Lead Counsel for the derivative actions.

1

## INTRODUCTION

Currently pending in this District are three derivative actions against the individual members of the Groupon, Inc. ("Groupon") board of directors. Plaintiffs allege in their respective complaints that defendants breached their fiduciary duties in a variety of ways in connection with failing to implement necessary controls over Groupon's accounting function that ultimately forced Groupon to restate its earning in March 2012. After defendants were forced to restate Groupon's publicly reported financials in order to lower its earnings, Groupon's stock lost significant value, the Securities and Exchange Commission initiated an investigation, and multiple securities class actions were filed.

Because the derivative actions are based on substantially the same facts, contain similar causes of action, and brought against the same defendants, Plaintiff Monturano seeks entry of an Order consolidating the derivative actions and appointing Lead Plaintiff and a leadership structure for the consolidated derivative cases in accordance with the *Manual For Complex Litigation (4th ed. 2004)* (the "*Manual*").

## ARGUMENT

Given the substantial similarity of the party defendants and claims in the above-captioned actions, Plaintiff Monturano has followed the guidance of the *Manual* and submit for the Court's approval a proposed form of Pretrial Order No. 1 which provides for the consolidation of the derivative and appointment of Co-Lead derivative counsel, and otherwise eliminates wasteful and duplicative litigation.

Plaintiff respectfully submits that proposed Pretrial Order No. 1 concerning the derivative actions should be entered by the Court. The proposed Order will promote the orderly and efficient conduct of this action, and is also consistent with the recommendations of the *Manual*.

## A.    Consolidation of Derivative Actions Is Appropriate Under The Federal Rules Of Civil Procedure

The proposed Pretrial Order No. 1 provides for the consolidation of all derivative actions pending in Federal court for all pretrial and trial purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 42(a) provides that where actions involving a common question of law or fact are pending before a court, the court may order a joint hearing or trial of any or all matters at issue in the actions, order all the actions consolidated, and made such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. *See* Fed. R. Civ. P. 42(a). *See also EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) ("All claims and issues sharing common aspects of law or fact may be consolidated to avoid unnecessary cost of delay . . . ") *Taubenfeld v. Career Educ. Corp.*, 2004 WL 554810, Fed. Sec. L. Rep. 92,715, *1 (N.D. Ill., Mar. 19, 2004) (Consolidating cases involving similar law and fact and noting that "given the similarity of the claims, the court believes that consolidation of these cases will result in substantial savings of judicial time and effort").

Consolidation of these actions is appropriate since the actions involve common questions of fact and law, are substantially similar in terms of their underlying factual and legal claims, and are all at the earliest state of litigation *(i.e.*, no responsive pleadings have been filed). Consolidation under Fed. R. Civ. P. 42(a) will therefore serve the interests of justice, as well as the interests of the parties, counsel, and relevant third-parties, by ensuring the speedy, efficient, and just resolution of these actions. *See* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d § 2382*, at 427-29 (2d ed. 1995).

Plaintiff Monturano filed her derivative complaint on April 5, 2012, which was assigned to this Court. On April 12, 2012, Plaintiff Kent Wong filed his derivative complaint, which was assigned to Judge Matthew F. Kennelly. On April 19, 2012, Defendants moved for reassignment of the *Wong* action to this Court pursuant to Local Rule 40.4. (Doc. No. 20) The *Wong* action is based on the same factual predicate and the same legal theories as the *Monturano* action. On April 30, 2012, Plaintiff Shawn Potter filed a derivative action, which was assigned to Judge Joan B. Gottshall. The *Potter* action is also based on the same factual allegations and legal theories as the *Monturano* action. Plaintiff expects that Defendants will move for reassignment of the *Potter* action to this Court.

The central issue in the actions is whether defendants breached their fiduciary duties owed to Groupon and its shareholders by failing to implement necessary controls over Groupon's accounting function that ultimately forced Groupon to restate its earning in March 2012. Consolidating these actions before a single judge will streamline and simplify pretrial and discovery proceedings and eliminate the risk of repetitive or inconsistent rulings. Consolidation will also prevent unnecessary duplication of effort that will undoubtedly occur if the parties pursue these actions separately and thus increase efficiency, reduce expenses and ensure fairness. Accordingly, Plaintiff respectfully submits that the proposed consolidation of these actions and any subsequently-filed actions raising similar allegations should be granted.

Plaintiff further submits that consolidation of the derivative actions will provide a structure for future filed actions that are based on similar allegations of breach of fiduciary duty, will enhance efficiency, and are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 21.11.

### B.     Appointment of Lead Plaintiff

Pretrial Order No. 1 sets forth the designation of Theresa Monturano as the Lead Plaintiff. Monturano filed the first derivative action and has already demonstrated her willingness to litigate the derivative claims vigorously.  While the derivative claims are not asserted on behalf of a class, Monturano will nonetheless stand as a representative plaintiff advocating the breach of fiduciary duty claim on behalf of the Company and all of its shareholders.

### C.     Organization of Plaintiffs' Derivative Counsel

Pretrial Order No. 1 implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Co-Lead Counsel for the Derivative Plaintiffs. *See Manual* § 21.11. Plaintiff respectfully submits that such designation will promote the orderly progress of this litigation, and ensure that all plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

### 1.     Proposed Lead Counsel

Plaintiffs propose the following as Co-Lead Counsel:

> WECHSLER HARWOOD LLP
> 488 Madison Avenue
> New York, NY 10022
> (212) 935-7400
>
> -- and --
>
> WOLF HALDENSTEIN ADLER
> FREEMAN & HERZ LLP
> 270 Madison Avenue
> New York, NY 10016
> (212) 545-4600

This Co-Lead Counsel structure is perfectly suited to represent Groupon and its shareholders

in this derivative action. Factors which courts consider important when appointing lead counsel include "the work counsel has done in investigating and identifying the particular case; counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; counsel's knowledge of the applicable law; the resources counsel will commit to representing the class; and any other factors that bear on the attorney's ability to represent the class fairly and adequately." *Manual* §20.227. *See also* Fed. R. Civ. P. 23(g)(C)(i) ("The court must consider: the work counsel had done in identifying or investigating potential claims in the action, counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, the resources counsel will commit to representing the class"). As is demonstrated in their firm resumes attached to the consolidation motion as Exhibit A and B each proposed firm has worked diligently in this litigation, is experienced in derivative litigation and complex litigation in general, and would commit substantial resources to provide the best representation possible for the proposed class.

### 2.    Responsibilities of Co-Lead Derivative Counsel

As suggested by the *Manual*, Co-Lead Counsel will be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the Orders of the Court concerning the conduct of the litigation. Indeed, Plaintiff's Co-Lead Counsel will be:

> [C]harged with major responsibility for formulating (after consultation with other counsel) and presenting positions on substantive and procedural issues during litigation, . . . [for] presenting oral and written arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

6

*Manual* at § 20.22 (Third Edition).

Plaintiff's Co-Lead Counsel are also charged with responsibility for monitoring the time and expenses of all plaintiffs' counsel to ensure that litigation is conducted efficiently and without duplication.

As set forth herein, and as demonstrated by their firm resumes, proposed Co-Lead Counsel for the derivative actions have substantial and extensive experience in complex litigation such as this, and have represented plaintiffs in derivative and other complex litigation throughout the nation.

Additionally, Miller Law LLC is a firm equally versed in the prosecution of complex derivative actions and well-known to the Court. For these reason Miller LLC should be designated Liaison Counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff Monturano respectfully requests that the Court enter proposed Pretrial Order No. 1, consolidating the derivative actions, designating Lead Plaintiff, and appointing Co-lead Counsel and Liasion Counsel in the derivative actions.

Dated: May 2, 2012

Theresa Monturano

By: s/Marvin A. Miller
MARVIN A. MILLER
MILLER LAW LLC
115 S. LaSalle Street, Suite 2910
Chicago, IL 60603
(312) 332-3400

ROBERT I. HARWOOD
MATTHEW M. HOUSTON
HARWOOD FEFFER LLP
488 Madison Avenue
New York, NY 10022

7

(212) 935-7400

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE BY ELECTRONIC MEANS

I, Marvin A. Miller, one of the attorneys for plaintiffs, hereby certify that on May 4, 2012, service of the foregoing document was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

*/s/ Marvin A. Miller*
Marvin A. Miller